**UNITED STATES**

v.

**Airman First Class John G. KRATZEN-BERG, FR 095–60–8675, United States Air Force.**

**ACM S26585.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 20 Sept. 1984.

Decided 17 May 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Captain Teresa J. Stremel, USAFR.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

## DECISION

RAICHLE, Senior Judge:

Appellate Defense Counsel contend that the military judge's preconceived bias in favor of believing the testimony of the principle government witness against the accused deprived the accused of a fair and impartial trial. We agree.

Earlier on the day of the accused's trial, the military judge had accepted a guilty plea in a companion case. The accused in that case, Airman Weiler, had confessed to the crime and implicated Kratzenberg as an aider and abettor. When queried as to whether he was aware of any matters which may constitute grounds for challenge against him, the military judge detailed the events of the prior trial and told the accused that if Airman Weiler was called as a witness and testified to essentially what he had said during his trial, the military judge would be inclined to believe him. The military judge then extensively discussed his concerns regarding the expected testimony of Airman Weiler with the accused and his counsel. The remarks of the judge during the course of this discussion can best be described as somewhat ambivalent. The following remark made by the judge summarizes the content of his explanation:

I feel I can give him [the accused] a fair trial, but I think you should certainly understand that if Weiler's testimony is extremely damaging to him, then maybe there is a real question whether I could give him a fair trial, if I have already made up my mind that I am going to believe one witness at the time he comes in here.

There was no extensive voir dire of the military judge by either counsel, and, contrary to normal procedure, neither counsel either affirmatively challenged or stated he had no challenge against the military judge. Thus, the record is totally silent on the subject of challenges for cause. Instead, the military judge, evidently thinking that his disqualification might be mooted or waived by a request for trial before members, proceeded immediately to the question of whether the accused wished to be tried by military judge alone. After the accused requested trial by judge alone, the military judge granted three recesses, including one which extended overnight, so the accused could discuss the matter with his counsel. Upon reconvening the next morning, the accused persisted in his request for trial by military judge alone, which was granted.

R.C.M. 902, M.C.M., 1984, addresses the circumstances under which a military judge will be disqualified in a proceeding. Pertinent portions of that rule are as follows:

(a) *In general.* Except as provided in subsection (e) of this rule, a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned.

(b) *Specific grounds.* A military judge shall also disqualify himself or herself in the following circumstances:

(1) Where the military judge has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.

\*    \*    \*    \*    \*    \*

(e) *Waiver.* No military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b) of this rule. Where the ground for disqualification arises only under subsection (a) of this rule, waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

It is well settled that a military judge may sit at the trial of a co-accused. *United States v. Jarvis,* 22 U.S.C.M.A. 268, 46 C.M.R. 260 (1973); *see also United States v. Scholten,* 14 M.J. 939 (A.C.M.R.

1982), and cases cited therein. Even in that instance, he need not recuse himself unless the circumstances are such that recusal is in the interest of having the trial free from substantial doubt as to legality, fairness and impartiality. *United States v. Wright*, 47 C.M.R. 637 (A.F.C.M.R.1973). An accused is, nevertheless, entitled to a trial in which the military judge and members have a fair and open mind. *United States v. Deain*, 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954). Thus the test by which a challenge is measured is whether the member or military judge is mentally free to render an impartial finding and sentence based on the law and the evidence. *United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955). In determining whether a military judge is so mentally free, considerable weight must be given to his own statements regarding prejudgment, as he is sworn to faithfully and impartially perform his duties. *United States v. Jarvis, supra; United States v. Wright, supra.*

The military judge in this case did not make the usual disclaimer that he would be able to put aside any matters he had become aware of from the previous case, to decide the accused's case only on the evidence brought before him in that trial, and to judge the case on its own merits. In fact, he specifically advised the accused that he was concerned about his ability to put aside his knowledge that Weiler had pled guilty, his determination that Weiler was credible, and that he would tend to believe Weiler's testimony if it did not vary from what Weiler had stated under oath in his own case.

■ In order to fall within the category first listed under R.C.M. 902(b), the "bias," "prejudice," or "knowledge" must be *personal.* As stated by the Court of Military Appeals, "[r]ecusation in the civil courts is generally predicated on personal bias rather than previous exposure to the same issues. We see no reason why the same principle should not apply to military judges...." *United States v. Jarvis, supra.* "Personal," when used in the context of disqualifying a judge, "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 586, S.Ct. 1698, 1710, 16 L.Ed.2d 778, 793 (1966). In other words, an accused's conviction must stand or fall on the record at his trial. Evidence from outside the record cannot be used against him. *See United States v. Crider*, 21 U.S.C.M.A. 193, 44 C.M.R. 247 (1972). When the military judge admitted that he could not put aside his belief that Weiler was a credible witness, which he had acquired from matters outside the record of the accused's trial, he then had personal knowledge of a disputed evidentiary fact concerning the proceeding, i.e., the credibility of Weiler. *See Keating v. Superior Court*, 45 Cal.2d 440, 289 P.2d 209 (1955), and cases cited therein. We find that the provisions of R.C.M. 902(b)(1) were applicable and that the military judge should have disqualified himself. *See* A.B.A. Standards For Criminal Justice § 6–1.7 (2nd ed. 1980). Further, the disqualification could not be waived by the accused's decision, albeit informed, to be tried by military judge alone. R.C.M. 902(e).

■ We therefore find that the military judge erred when he viewed the accused's request for trial by judge alone as a waiver and failed to disqualify himself. We further find that when, as here, a military judge who is disqualified under R.C.M. 902(b) sits alone as the fact finder, such error deprives the accused of a fair and impartial trial, in violation of the due process clause. U.S. Const., amend. V.; *Turner v. Louisiana*, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965). Unlike the dissenting judge, we believe that since the accused was deprived of a fair and impartial trial, no amount of showing of want of prejudice will cure this error. *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966).

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

CARPARELLI, Judge, concurs.

CANELLOS, Senior Judge, dissenting:

I dissent. Assuming, *arguendo*, that a military judge's stated determination relative to the credibility of a potential witness, based upon his observation of that witness at another trial, amounts to "personal knowledge of disputed evidentiary facts concerning the proceeding," *see* R.C.M. 902(b)(1)[1] and, as a result, it was error for the military judge to not recuse himself, I find that any such error did not prejudice the accused.[2]

Here, the accused confessed to his participation in the theft, and apparently that confession was voluntary. The confession was corroborated by the stipulation of testimony of the sales manager of the company which owned the soft drink machines, to the effect that someone had broken into the machines and had stolen money therefrom. The confession was further corroborated by the testimony of the accused's co-actor, the witness the military judge announced he would tend to believe, to the effect that: he broke into the machines; the accused was the lookout; and, they shared in the proceeds. The accused chose to present no evidence on the merits, arguing instead that: the evidence was insufficient; that the confession was not properly corroborated and therefore was not properly admitted against him.

On these facts, I am convinced that, even if there was error, such error was harmless beyond a reasonable doubt.[3] On that basis, I would affirm the findings and sentence.

---

**1.** If the military judge's pronouncements did not fall within the purview of R.C.M. 902(b)(1), then the disqualification could be effectively waived by the accused. R.C.M. 902(e). It is clear to me that the accused would have waived any disqualification by virtue of his request for trial before the military judge sitting alone, after a full disclosure by the military judge of his position regarding the credibility of the potential witness.

**2.** In my opinion, the specific grounds for disqualification of a military judge, as provided in R.C.M. 902(b) must be strictly construed, and, if a potential disqualification does not fit squarely into one of the categories of that subsection, it should be treated as falling within the purview of R.C.M. 902(a), thereby allowing for a waiver of such disqualification under R.C.M. 902(e).

**3.** I disagree with the majority that such an error amounts to a due process violation or is jurisdictional, *see* Article 26, U.C.M.J. 10 U.S.C. § 826; rather, such error must be tested for prejudice.