**UNITED STATES**

v.

**Captain Ricky R. HARVEY, United States Air Force.**

**ACM 36641.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 7 June 2005.

9 April 2009.

---

Before BRAND, FRANCIS, and JACKSON, Appellate Military Judges.

## OPINION OF THE COURT

JACKSON, Judge:

Contrary to his pleas, a panel of officers sitting as a general court-martial convicted the appellant of one specification of conduct unbecoming an officer, in violation of Article 133, UCMJ, 10 U.S.C. § 933.[1] The members sentenced the appellant to a dismissal and a reprimand. The convening authority approved the reprimand. The Judge Advocate General of the Air Force (TJAG), pursuant to his authority under Article 69(d)(1) of the UCMJ,[2] specified the following issues to this court: (1) whether the appellant's conviction should be set aside as a matter of law in light of the holding of the United States Supreme Court in *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), and the holding of the Court of Appeals for the Armed Forces (C.A.A.F.) in *United States v. Marcum*, 60 M.J. 198 (C.A.A.F.2004), and (2) whether the military judge erred when instructing the court members on findings by not including, in his discussion of the elements of the convicted offense, the enumerated factors identified by C.A.A.F. in *Marcum*.

In addition to the issues above, this Court subsequently granted the appellant leave to submit the following assignments of error: (1) after *Lawrence*, the appellant's private, consensual homosexual sodomy is constitutionally protected; (2) the military judge erred by not allowing the members to determine whether the appellant's consensual homosexual sodomy involved: (a) a protected liberty interest, (b) factors that exclude it from protection, and/or (c) factors relevant solely in the military environment that excluded it from protection; and (3) the military judge abused his discretion by refusing to grant the appellant's recusal motion after the military judge stated the following in denying the appellant's motion for appropriate relief (dismissal of Specification 1 of

Appellate Counsel for the Appellant: Captain Tiffany M. Wagner (argued), Lieutenant Colonel Mark R. Strickland, Major Shannon A. Bennett, Captain Griffin S. Dunham, Captain Anthony D. Ortiz, Stuart F. Delery (amicus curiae), Emily B. Hecht (amicus curiae), Therese Lee (amicus curiae), and Aaron D. Tax (amicus curiae).

Appellate Counsel for the United States: Captain Coretta E. Gray (argued), Colonel Gerald R. Bruce, Lieutenant Colonel Matthew S. Ward, Major Jeremy S. Weber, and Major Donna S. Rueppell.

1. The members found the appellant not guilty of another specification of conduct unbecoming an officer and of a charge and specification of making a false official statement.

2. Article 69(d)(1), UCMJ, 10 U.S.C. § 869(d)(1).

Charge II[3]), "I cannot conceive of a situation, given the allegations and what I know about the case now, where I would conclude that the sodomy was not disgraceful." We: (1) answer TJAG's specified issues in the negative; (2) find the appellant's assignments of error to be without merit; and (3) affirm the findings and the sentence.

### Background

In August 2002, the appellant was assigned as a chaplain to the 39th Air Base Wing, Incirlik Air Base, Turkey. While so assigned, he met and befriended two Turkish nationals, Mr. MH and Mr. CA, Mr. MH's cousin. From 2002 to 2004, the appellant provided financial support to Mr. MH and his family. During the same time period, on multiple occasions, the appellant allegedly had Mr. MH anally sodomize him and allegedly orally sodomized Mr. MH. In Mr. MH's village, rumors began circulating about his homosexuality. Sensing the appellant was the source of the rumors, Mr. MH terminated the friendship and reported the appellant's alleged conduct to the appellant's supervisor.

When the rumors persisted, Mr. MH, believing the appellant was engaged in a similar homosexual relationship with Mr. CA, secretly videotaped the appellant orally sodomizing Mr. CA.[4] Mr. MH gave Mr. CA the video tape, along with some other items Mr. MH had borrowed from the appellant, to return to the appellant. The appellant, unaware of the "true" contents of the tape, loaned it to a civilian co-worker, whose husband, in turn, discovered the incident and provided the tape to the 39th Security Forces Squadron.

The appellant was charged with, *inter alia,* one specification of conduct unbecoming an officer by engaging in sodomy with Mr. CA.[5] At trial, the appellant took the premature and unusual step of moving to dismiss[6] this specification prior to the admission of any evidence. The basis for the appellant's mo-

tion was that he opined there would be no evidence supporting a finding that the appellant's actions in the specification were "a disgrace to the Armed Forces," that the military judge should make a preliminary finding of such, and that the military judge thus should dismiss the specification.

In addressing the issue with trial defense counsel and ruling on the issue, the military judge made the following statement, "I cannot conceive of a situation, given the allegations and what I know about the case now, where I would conclude that the sodomy was not disgraceful." While not foreclosing the appellant's opportunity to move for a finding of not guilty after the close of the government's case, the military judge denied the appellant's motion. The appellant, citing a belief that the military judge could not be fair and impartial, moved to have the military judge recuse himself. The military judge denied the appellant's recusal motion, noting that he, the military judge, could be fair and impartial.

### Discussion

#### Effect of Lawrence and Marcum Decisions on the Appellant's Conviction/Constitutional Protection of the Appellant's Conduct

 For ease of analysis, TJAG's first specified issue and the appellant's first assignment of error are considered jointly. *Lawrence* recognized a constitutionally protected liberty interest in private, consensual sexual conduct. *Lawrence,* 539 U.S. at 578, 123 S.Ct. 2472. In *Marcum,* C.A.A.F. held that constitutional challenges to Article 125, UCMJ, 10 U.S.C. § 925, based on *Lawrence,* must be addressed on an as applied, case-by-case basis. *Marcum,* 60 M.J. at 206. C.A.A.F. identified a three-part test for addressing *Lawrence* challenges within the military context. Under the three-part test,

---

**3.** This is the only specification of which the appellant was convicted.

**4.** Mr. MH recorded the incident on the appellant's videotape version of the movie *Air Force One.* He later "burned" a copy of the incident onto a compact disc and forwarded the compact disc to the 39th Security Forces Squadron.

**5.** This was the conduct unbecoming an officer specification of which the appellant was convicted.

**6.** Though styled as a motion for appropriate relief, the appellant's motion was really a motion to dismiss prior to the receipt of evidence.

courts ask: (1) was the conduct that the accused was found guilty of committing of a nature to bring it within the liberty interest identified by the Supreme Court in *Lawrence;* (2) did the conduct encompass any behavior or factors identified by the Supreme Court as outside the analysis in *Lawrence;* and (3) are there additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest? *Id.* at 206–07.

The government avers that *Marcum* is inapplicable to the present case because the sodomy proscribed in *Marcum* was proscribed as a violation of Article 125, UCMJ, whereas the sodomy proscribed in the present case was proscribed as a violation of Article 133, UCMJ. We disagree with the government's contention and conclude that the *Marcum* analysis is applicable to any private, consensual sexual conduct regardless of which UCMJ article the government chooses to charge the conduct. *See United States v. Flores,* ACM 36218, 2006 WL 3895072 (A.F.Ct.Crim.App. 15 Dec. 2006) (unpub. op.) (applying the *Marcum* analysis to determine whether or not the appellant's act of sodomy proscribed as an indecent act under Article 134, UCMJ, 10 U.S.C. § 934, was constitutionally protected), *rev. denied,* 65 M.J. 284 (C.A.A.F.2007); *United States v. Velazquez,* NMCCA 200602421, 2007 WL 2340612 (N.M.Ct.Crim.App. 16 Aug. 2007) (unpub. op.) (applying the *Marcum* analysis to determine whether or not the appellant's sexual intercourse proscribed as adultery under Article 134, UCMJ, was constitutionally protected), *rev. denied,* 66 M.J. 380 (C.A.A.F. 2008); *United States v. Mitchell,* NMCCA 200602365 (N.M.Ct.Crim.App. 7 Aug. 2007) (unpub. op.) (applying the *Marcum* analysis to determine whether or not the appellant's sexual activities proscribed as attempted pandering and pandering under Articles 80 and 134, UCMJ, 10 U.S.C. §§ 880, 934 were constitutionally protected); *United States v. McCoy,* NMCCA 200101209, 2006 WL 1029163 (N.M.Ct.Crim.App. 20 Apr 2006) (unpub. op.) (applying the *Marcum* analysis to determine whether or not the appellant's sexual intercourse and sodomy proscribed as violations of Articles 92, 125, and 133, UCMJ, 10 U.S.C. §§ 892, 925, 933, were constitution-

ally protected), *rev. denied,* 64 M.J. 220 (C.A.A.F.2006).

Applying the *Marcum* analysis to the case at hand, we answer the first question in the affirmative. The appellant's conduct with Mr. CA appears consensual from the videotape. There is no evidence that it was non-consensual, and the appellant's conduct occurred in Mr. CA's private residence. The fact that Mr. MH surreptitiously videotaped the appellant's sexual act and the appellant unwittingly disseminated the videotape of his sexual act does not change the private nature of the appellant's conduct. We find the appellant's conduct was within the *Lawrence* liberty interest.

With respect to the second *Marcum* question, we answer that question in the negative. The appellant's conduct was not outside the analysis of *Lawrence.* The appellant's conduct did not involve: (1) minors; (2) persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused; (3) public conduct or prostitution; nor (4) whether the government must give formal recognition to any relationship that homosexual persons seek to enter. *Lawrence,* 539 U.S. at 577, 123 S.Ct. 2472. Rather, it involved private sexual conduct between consenting adults.

With respect to the last *Marcum* question, we answer that question in the negative. The appellant's case did not involve a situation whereby the appellant was in a superior-subordinate relationship with his paramour. *Marcum,* 60 M.J. at 206–07. His case also does not involve the violation of the law, military instructions, regulations, or policies as a precursor to his conduct. *Id.* at 206–08; *United States v. Stirewalt,* 60 M.J. 297, 304 (C.A.A.F.2004); *United States v. Christian,* 63 M.J. 714, 716 (A.F.Ct.Crim.App.2006); *aff'd,* 66 M.J. 291 (C.A.A.F.2008). Lastly, the appellant's conduct did not involve a situation wherein the appellant was involved in a sexual relationship with the married spouse of another military member. *United States v. Johns,* ACM 36406, 2007 WL 2300965 (A.F.Ct.Crim.App. 25 May 2007) (unpub. op.), *rev. denied,* 65 M.J. 341 (C.A.A.F.2007). In short, there are no additional factors relevant

solely in the military environment that affect the nature and reach of the appellant's *Lawrence* liberty interest.

However, this does not end our inquiry. In a case of first impression, we must decide whether conduct that is permissible and survives scrutiny under *Marcum* can nonetheless be proscribed as conduct unbecoming an officer and a gentleman. Axiomatically, a "higher code termed honor" holds military officers to stricter accountability than their enlisted and civilian counterparts. *Parker v. Levy,* 417 U.S. 733, 765, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (quoting *Fletcher v. United States,* 26 Ct.Cl. 541, 563, 1800 WL 1812 (1891), *rev'd,* 148 U.S. 84, 28 Ct.Cl. 551, 13 S.Ct. 552, 37 L.Ed. 378 (1893)), *quoted in United States v. Moore,* 38 M.J. 490, 493 (C.M.A.1994); *United States v. Wales,* 31 M.J. 301, 311 (C.M.A.1990) (Cox, J., dissenting in part and concurring in the result); *United States v. Guaglione,* 27 M.J. 268, 271 (C.M.A.1988); *United States v. Tedder,* 24 M.J. 176, 182 (C.M.A.1987).

■ The command structure and the necessity for good order and discipline prohibit officers from acting in ways that "bring dishonor or disrepute upon the military profession which [they represent]." *United States v. Moore,* 38 M.J. at 493 (quoting *Parker,* 417 U.S. at 754, 94 S.Ct. 2547 (citations omitted)). The elements of the offense of conduct unbecoming an officer and a gentleman are: (1) that the accused did or omitted to do certain acts, and (2) that, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman. *Manual for Courts–Martial, United States (MCM),* Part IV, ¶ 59.b. (2005 ed.).[7]

Private conduct may constitute an offense under Article 133, UCMJ, and there is no requirement that the conduct be otherwise criminal. *Moore,* 38 M.J. at 493; *United States v. Norvell,* 26 M.J. 477, 481 (C.M.A.

1988). Nor is there a requirement that the conduct constitute an offense elsewhere under the UCMJ. *United States v. Taylor,* 23 M.J. 314, 318 (C.M.A.1987).

All that is required is for the offender's conduct to fall below the level of conduct expected of officers and to seriously expose him to public opprobrium. *United States v. Rogers,* 54 M.J. 244, 256 (C.A.A.F.2000) (quoting William Winthrop, *Military Law and Precedents* 711–12 (2d ed.1920)) ("[conduct unbecoming an officer and a gentleman] must offend so seriously against law, justice, morality or decorum as to expose to disgrace, socially or as a man, the offender, and at the same time must be of such a nature or committed under such circumstances as to bring dishonor or disrepute upon the military profession which he represents."); *Taylor,* 23 M.J. at 318. Moreover, military law is replete with examples of conduct protected by the Constitution[8] when engaged in by civilians but which becomes criminal when engaged in by military members. *United States v. Sollmann,* 59 M.J. 831, 834 (A.F.Ct. Crim.App.2004).

■ Against this backdrop, we conclude that the fact that conduct may fall within a recognized liberty interest under the Constitution does not mean that the conduct cannot be proscribed under Article 133, UCMJ. Such is true even if the infringement of the liberty interest would not pass constitutional scrutiny as a violation of another punitive article, e.g., Article 125, UCMJ. This is such a case. In the case sub judice, the appellant's act of performing fellatio on a Turkish national at a time when the appellant, an officer, was serving as a representative of the United States military abroad, and at a time when the appellant had been confronted about and knew rumors abounded on and off base about his alleged homosexual relationship with another Turkish national (Mr. MH),[9] evinced, as the trier of fact found, a

---

7. The 2005 edition of the *Manual for Courts–Martial, United States,* was controlling at the time of the appellant's court-martial.

8. Such protections come most notably in the area of the First Amendment. *See, e.g., Parker v. Levy,* 417 U.S. 733, 758, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

9. These rumors abounded throughout the Incirlik Air Base and local Turkish communities and caused at least one Turkish national, Mr. MH, enough consternation that he reported the appellant's conduct to base authorities and took actions into his own hands by secretly videotaping the appellant's act of fellatio.

degree of indecorum that disgraced and dishonored the appellant and seriously compromised his standing as an officer. In the final analysis, Article 133, UCMJ, *as applied to the appellant in this case,* is constitutional.

*Failure to Instruct on the Marcum Factors*

■ For ease of analysis, TJAG's second specified issue and the appellant's second assignment of error are considered jointly. The appellant asserts that the *Marcum* factors are de facto elements of his Article 133, UCMJ, offense and that it was error for the military judge not to instruct the members on the *Marcum* factors. We disagree.

The issue of whether the military judge gave the members proper instruction is a question of law, which this court reviews de novo. *United States v. Schroder,* 65 M.J. 49, 54 (C.A.A.F.2007). A military judge has substantial discretionary power in determining which instructions to give. *United States v. Damatta–Olivera,* 37 M.J. 474, 478 (C.M.A. 1993). We review a military judge's refusal to give a defense-requested instruction for an abuse of discretion. *United States v. Maxwell,* 45 M.J. 406, 424 (C.A.A.F.1996).

Failure to object to an instruction or to omission of an instruction constitutes waiver in the absence of plain error. Rule for Courts–Martial (R.C.M.) 920(f). However, the waiver rule under R.C.M. 920(f) is inapplicable to certain mandatory instructions such as reasonable doubt, the elements of the offenses, and affirmative defenses. *United States v. Miller,* 58 M.J. 266, 270 (C.A.A.F. 2003); *United States v. Davis,* 53 M.J. 202, 205 (C.A.A.F.2000). The invited error doctrine recognizes that a party may not invite or provoke error at trial and then complain about the error on appeal. *United States v. Wells,* 519 U.S. 482, 488, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997); *United States v. Dinges,* 55 M.J. 308, 311 (C.A.A.F.2001).

The military judge did not err in failing to instruct the members on the *Marcum* factors. Several points lead to this conclusion. First, one must remember that the *Marcum* questions or factors are a three-part test for military courts to determine if a particular UCMJ article proscribing the sexual conduct of a military member is constitutional as applied to that member. It is our superior court's "searching constitutional inquiry" to provide guidance to courts on when and how *Lawrence* applies in the military context.[10] *Marcum,* 60 M.J. at 205.

"Whether an act comports with law, that is, whether it is legal or illegal [in relation to a constitutional or statutory right of an accused] is a question of law, not an issue of fact for determination by the triers of fact." *United States v. New,* 55 M.J. 95, 101 (C.A.A.F.2001) (quoting *United States v. Carson,* 35 C.M.R. 379, 380, 1965 WL 4684 (1965)), *cert. denied,* 534 U.S. 955, 122 S.Ct. 356, 151 L.Ed.2d 269 (2001). "By statute, 'the military judge . . . shall rule upon all questions of law . . . arising during the proceedings.'" *Id.* at 101 (quoting Article 51(b), UCMJ, 10 U.S.C. § 851(b)). Additionally, the *Manual* provides that "[t]he military judge shall . . . subject to subsection (e) of this rule [regarding finality of rulings], rule on all . . . questions of law raised during the court-martial." R.C.M. 801(a)(4). Upon determining that the *Marcum* factors are questions of law, a matter upon which only the military judge could rule, the military judge did not err in failing to instruct the members on the *Marcum* factors.

Second, assuming *arguendo* the *Marcum* factors were questions of fact, the trial defense counsel specifically requested the military judge not give the *Marcum* factors as part of the findings instructions. We also note that the trial defense counsel failed to object to the instructions given, and the *Marcum* factors do not fall within the category of required instructions mandated by R.C.M.

10. While the majority of cases on this issue involve appellate military courts applying the test in *United States v. Marcum,* 60 M.J. 198 (C.A.A.F. 2004), there has been at least one case where the *Marcum* test was applied by a military trial judge in response to an accused's motion to dismiss for failure to state an offense. *United States v.*

*Johns,* ACM 36406 (A.F.Ct.Crim.App. 25 May 2007) (unpub. op.), *rev. denied,* 65 M.J. 341 (C.A.A.F.2007). The sum of these cases convinces us that this issue is within the bailiwick of military judges at both the appellate and trial level.

920(e). Thus the error, if any, is waived absent plain error, and the appellant has failed to meet his burden of showing the error, if any, was obvious and resulted in prejudice to his substantial rights. Lastly, by specifically requesting the military judge not give the *Marcum* factors, the appellant, through trial defense counsel, invited any alleged error and cannot be heard, under the invited error doctrine, to complain.

Accordingly, we find the military judge did not abuse his discretion by failing to instruct the members on the *Marcum* analysis.

### Recusal Motion

This issue is mooted by our resolution of the first specified issue and first assignment of error. However, we will address it. We review a military judge's refusal to recuse himself for an abuse of discretion. *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001); *United States v. Wright*, 52 M.J. 136, 141 (C.A.A.F.1999). "An accused has a constitutional right to an impartial judge." *Wright*, 52 M.J. at 140. There is a strong presumption that a military judge is impartial in the conduct of judicial proceedings and a military judge's disclaimer of partiality carries great weight. *United States v. Foster*, 64 M.J. 331, 333 (C.A.A.F.2007); *United States v. Jarvis*, 46 C.M.R. 260, 262, 1973 WL 14497 (C.M.A.1973); *United States v. Kratzenberg*, 20 M.J. 670, 672 (A.F.C.M.R. 1985).

Except where the parties have waived disqualification of the military judge after full disclosure of the basis for disqualification, a military judge must recuse himself "in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M. 902(a). This overriding concern with appearances stems from the recognized need for an unimpeachable judicial system in which the public has unwavering confidence; any question of a judge's impartiality threatens the purity of the judicial process and its institutions. *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).

Additionally, a military judge shall disqualify himself "[w]here the military judge has a personal bias or prejudice concerning a party." R.C.M. 902(b). The term "personal" means the bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Kratzenberg*, 20 M.J. 670, 672 (A.F.C.M.R.1985) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)).

Moreover, non-personal bias or prejudice, that which does not stem from an extrajudicial source, will not require disqualification "unless it is so egregious as to destroy all semblance of fairness." *Wright*, 52 M.J. at 141 (quoting J. Shaman et al., *Judicial Conduct and Ethics* § 4.05 at 102 (2d ed.1995)). Lastly, when a military judge's impartiality is challenged on appeal, the test is whether the military judge's actions would cause a reasonable person observing the trial to question the court-martial's legality, fairness, and impartiality. *Foster*, 64 M.J. at 333.

Addressing the issue of actual bias or prejudice first, we find that there was no actual bias or prejudice on the part of the military judge. First, the military judge's comments do not evince an actual bias or prejudice and were made in an attempt to carry out his judicial responsibilities, namely to address the trial defense counsel's premature request for a preliminary determination on the sufficiency of the evidence on the conduct unbecoming specification. Put simply, the military judge was doing exactly what trial defense counsel requested—assessing, albeit prematurely, the sufficiency of the evidence.

Second, the military judge's conduct does not evince actual bias or prejudice. The military judge stated he could be fair and impartial, and his disclaimer of partiality carries great weight with this Court. He conducted himself fairly and impartially, and trial defense counsel noted as much when he told the court that he "perceived no evidence of prejudice to the defendant ... the Court, both in demeanor and in action ... has bent over backwards to make this fair for the defense and taken unprecedented action to make this fair."

Lastly, assuming *arguendo* that the military judge's comments evince actual bias or prejudice, it was not a personal bias or prejudice, as the term is defined under R.C.M. 902(b). Any bias or prejudice the military judge might have had would have stemmed from judicial rather than extrajudicial sources and the bias or prejudice, if any, was not so egregious as to destroy all semblance of fairness.

Finally, with respect to any implied bias or prejudice, we find that the military judge's comments and conduct throughout the trial are not such as to cause a reasonable observer to question the court-martial's legality, fairness, and impartiality. In short, we find no actual or implied bias or prejudice and find that the military judge did not abuse his discretion by denying the appellant's recusal motion.

### Conclusion

The approved findings and the sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F.2000).

Accordingly, the approved findings and sentence are

AFFIRMED.