# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, BERG,[1] and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMIL V. WILLIAMS**
**United States Army, Appellant**

ARMY 20090619

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Lieutenant Colonel Anthony T. Febbo, Acting Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain Barbara A. Snow-Martone, JA (on brief); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Barbara A. Snow-Martone, JA (reply brief).

For Appellee:  Major Amber J. Williams, JA; Major LaJohnne A. White, JA; Captain Daniel H. Karna, JA (on brief).

21 December 2011

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BERG, Judge:

A panel of officers and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of absence without leave terminated by apprehension, willfully disobeying a superior commissioned officer, violation of a lawful general regulation, false official statement, consensual sodomy, assault consummated by a battery, adultery, and obstructing justice, in violation of Articles 86, 90, 92, 107, 125, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§

---

[1] Judge BERG took final action in this case while on active duty.

886, 890, 892, 907, 925, 928, and 934 (2008) [hereinafter UCMJ]. *See Manual for Courts-Martial*, *United States*, (2008 ed.) [hereinafter *MCM*], Part IV, paras. 62.b., and 96a.b. The court sentenced appellant to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E1. The convening authority approved the adjudged sentence and credited appellant with 116 days of pretrial confinement against the sentence to confinement.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises one assignment of error which challenges the constitutionality of his sodomy conviction[2] and personally submits matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We also note that the Article 134 specifications do not formally allege the terminal elements of prejudice to good order and discipline or service discrediting conduct. *See United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). The issues merit discussion but no relief.

## BACKGROUND

Appellant met Ms. A.F. in an off-post bar near Fort Hood, Texas. At the outset appellant learned from Ms. A.F. that she was a civilian married to a soldier deployed to Iraq and that she was nineteen years old. Appellant was twenty-five years old and married as well. Nonetheless, they ended up returning to her apartment and "cuddling" although they did not have sexual relations that night. Thereafter they engaged in frequent sexual intercourse at Ms. A.F.'s apartment and at appellant's barracks room as well as oral sodomy and at least two incidents of anal sodomy. The relationship became progressively violent, both in terms of arguably consensual "rough sex" and clearly non-consensual pummeling by appellant on Ms. A.F. Appellant fueled these behaviors, providing himself and the under-aged (for alcohol consumption) Ms. A.F. with copious amounts of straight vodka.

Matters came to a head when appellant, after an evening in his barracks room in which he anally sodomized Ms. A.F. out of a concern that she had contracted a

---

[2] APPELLANT'S CONSENSUAL SODOMY WITH MS. A.F., A CIVILIAN WITH WHOM APPELLANT HAD AN INTIMATE RELATIONSHIP, FELL ENTIRELY WITHIN THE LIBERTY INTERESTS ESTABLISHED IN *LAWRENCE V. TEXAS*. THEREFORE, APPELLANT'S CONVICTION OF CHARGE II MUST BE SET ASIDE AND HIS SENTENCE REASSESSED.

vaginal sexually transmitted disease, sent her out to fetch him breakfast.[3] Ms. A.F. returned with breakfast for appellant and then went about cleaning up broken glass and "puke in the bathroom" from the night before. After a brief argument, appellant became enraged with Ms. A.F. and choked her, asking, "Why shouldn't I kill you?" Appellant then slapped Ms. A.F. and punched her in the mouth. Ms. A.F. escaped from him and returned to her apartment but appellant managed to beat her there. Ms. A.F.'s roommate distracted appellant while Ms. A.F. hurriedly locked herself in her room. Ms. A.F. called civilian police who responded, took statements, and directed appellant to leave. Ms. A.F. later contacted Fort Hood authorities.

Appellant received a no-contact order from his command and was called into the Criminal Investigation Command (CID) for questioning. Appellant denied having any sexual relations with Ms. A.F. Just after he told CID about disposing of his bedding in a dumpster, appellant was confronted with CID's contemporaneous recovery of his bedding from the back of his car pursuant to a search authorization. Appellant reacted by immediately fleeing from the CID office on foot and leaving Fort Hood.[4] During his unauthorized absence, appellant repeatedly contacted Ms. A.F. in an effort to get her to recant her allegations of assault and forcible sodomy. With Ms. A.F.'s connivance, appellant was apprehended by civilian police at a motel in Temple, Texas a few days later and returned to military control.

## LAW AND DISCUSSION

*Constitutionality of Appellant's Sodomy Conviction*

Appellant argues for the first time on appeal that the act of anal sodomy committed in his barracks room fell within the substantive due process protections announced in *Lawrence v. Texas*, 539 U.S. 558 (2003). We use an "as applied" approach under the test announced by our higher court in *United States v. Marcum*, 60 M.J. 198, 205–207 (C.A.A.F. 2004). Analytically, we consider three questions:

---

[3] Ms. A.F. testified that the anal sodomy was not consensual and occurred after she passed out from drinking vodka then awakened to find appellant penetrating her anus. The panel members found appellant not guilty of forcible sodomy but guilty of the lesser included offense of sodomy. This conviction is the basis for appellant's assignment of error.

[4] At trial the government established the presence of appellant's and Ms. A.F.'s DNA in numerous semen stains on the bedding.

First, was the conduct that the accused was found guilty of a nature to bring it within the liberty interest identified by the Supreme Court? Second, did the conduct encompass any behavior or factors as outside the analysis in *Lawrence*? Third, are there additional factors relevant solely in the military environment that affect the nature and reach of the *Lawrence* liberty interest?

*Id.* at 206-207 (internal citation omitted).[5]

The panel found appellant guilty of sodomy. We assume without deciding that although the conduct took place on-post in appellant's barracks room, it occurred in private. We must accept the panel's general verdict that it was not forcible.[6] This answers the first question favorably to the appellant.

Whether appellant's conduct implicates behavior that the Supreme Court identified as outside of *Lawrence*'s holding is a much more troubling question for appellant. One of the non-protected areas involves "persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused," *Marcum*, 60 M.J. at 207 (citing *Lawrence*, 539 U.S. at 578). Ms. A.F. testified that the anal penetration was painful and that appellant plied her with more vodka to secure her acquiescence after she protested that he stop. Additionally the entire relationship was overlain with an increasing level of physical abuse directed at subordinating the teenager to appellant's control. We find that the act of anal sodomy occurred in the context of a repressive, brutal relationship utterly distinct from the consensual and pacific consorting present in *Lawrence*.

In addition, appellant's conduct clearly falls within the exception of the third *Marcum* question addressing unique military factors intertwined with the conduct. Appellant engaged in anal sodomy knowing that it was also adulterous and that Ms. A.F. was the young spouse of a deployed soldier. The conduct occurred on-post in appellant's barracks room. The conduct occurred after appellant illegally provided

---

[5] Appellant makes a related claim, also raised for the first time on appeal, that the panel should have been instructed regarding these *Marcum* factors. We agree with the Air Force Court of Criminal Appeals that such factors implicate questions of law, not findings of fact on elements of the offense, and failure to give instructions on them, *sua sponte*, was not an abuse of discretion. *See United States v. Harvey*, 67 M.J. 758, 763 (A.F. Ct. Crim. App. 2009).

[6] This contrasts with our recent opinion in *United States v. Truss*, 70 M.J. 545 (Army Ct. Crim. App. 2011). In that case the military judge in a bench trial found the accused not guilty beyond a reasonable doubt of forcible sodomy but made special findings, notwithstanding the verdict, that the accused was guilty of a sodomy that was not consensual either. *Truss*, 70 M.J. at 548.

the underage Ms. A.F. with alcoholic beverages in direct violation of lawful regulations.  We find under the second and third *Marcum* factors that appellant's conduct "fell outside of any liberty interest recognized in *Lawrence* and was appropriately regulated as a matter of military discipline under Article 125." *United States v. Stirewalt*, 60 M.J. 297, 304 (C.A.A.F. 2004).

*Whether the Article 134 Specifications Allege an Offense*

Although not raised by appellant it is evident to us that Charge IV and its Specification and Specification 1 of Additional Charge V do not allege the terminal elements because they do not by words allege that appellant's conduct was to the prejudice of good order and discipline in the armed forces, of a nature to bring discredit upon the armed forces, or a non-capital crime or offense.  UCMJ art. 134, cls. 1, 2, and 3.  *See United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy," *id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)).  Rule for Courts-Martial 307(c)(3). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011).  *Cf. Fosler*, 70 M.J. at 230.

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably construed to embrace [the] terminal element." *Roberts*, __ M.J. at ___, slip op. at 5; *United States v.Watkins*, 21 M.J. 208, 209–10 (C.M.A. 1986).  Therefore, a charge and specification not challenged at trial, while being liberally construed, will not be held invalid "absent a clear showing of substantial prejudice to the accused—such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Watkins*, 21 M.J. at 209–10 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), *cert. denied*, 384 U.S. 964 (1966) (internal quotation marks omitted)).

In this case, appellant did not complain that Charge IV and its Specification or Specification 1 of Additional Charge V failed to state an offense by objecting at trial, in his post-trial submissions to the convening authority, or in his pleadings before this court.  The charges set forth a violation of Article 134, UCMJ, and the specifications detail the date, location, the identity of the participants, their pertinent status, and the wrongful acts.  *See, e.g.*, *Dear*, 40 M.J. at 197 (holding a maltreatment specification provided notice because "it set[] forth the Article of the

Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). The Specification of Charge IV identifies that appellant was a married Soldier and the co-actor, Ms. A.F., was a married woman not his wife and that they unlawfully engaged in sexual intercourse. Specification 1 of Additional Charge V again identifies appellant and Ms. A.F. and alleges that appellant tried to persuade Ms. A.F. to recant her statements to CID, provide CID with false oral and written statements and tell them that her claim of forcible sodomy was a misunderstanding, never occurred, and that she no longer would cooperate with the investigation. Accordingly, these allegations necessarily imply that appellant's conduct was prejudicial to good order and discipline and service discrediting.

Furthermore, there is ample evidence in the record that appellant was on notice of the charges and specifications against him. The military judge properly instructed the panel members, without objection, as to the requirements of proof of the terminal elements regarding each Article 134, UCMJ, specification. In vigorously challenging all of the allegations, appellant also specifically argued the insufficiency of proof regarding the terminal element on the adultery specification, stating, "[g]ot to have some additional proof to establish that additional requirement."

We hold that neither the adultery charge nor the obstruction of justice charge was so obviously defective that it could not be reasonably construed to embrace the terminal elements. There is no reason to conclude appellant was misled or that he might otherwise suffer prosecution for these same offenses twice. He received notice of the offenses against which he had to defend and protection against double jeopardy. Charge IV and its Specification states an offense as does Specification 1 of Additional Charge V.

## CONCLUSION

On consideration of the entire record, including the issues personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge JOHNSON and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6