# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**RICHARD T. PEARCE**
**CHIEF WARRANT OFFICER 3 (W-3), U.S. MARINE CORPS**

**NMCCA 201100110**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 25 March 2011.
**Military Judge:** LtCol Robert Palmer, USMC.
**Convening Authority:** Commanding General, Marine Corps Installations East, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** LtCol J.M. Henry, USMC.
**For Appellant:** Capt David Peters, USMC.
**For Appellee:** LT Amy Freyermuth, JAGC, USN; Capt Cory Carver, USMC.

**12 February 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

MCFARLANE, Senior Judge:

The appellant entered mixed pleas at a trial by general court-martial with officer members. Pursuant to his pleas, the military judge found the appellant guilty of one specification of failure to go, one specification of violating a lawful general order, one specification of conduct unbecoming an officer and a gentleman, two specifications of fraternization,

one specification of solicitation to disobey a lawful general order, two specifications of breaking restriction, and one specification of solicitation to alter an official document in violation of Articles 86, 92, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 933, and 934. The members then convicted the appellant, contrary to his pleas, of one specification of attempting to have sexual intercourse with a woman not his wife, one specification of violating a lawful general order, two specifications of sodomy, one specification of adultery, and two specifications of solicitation to commit an offense, in violation of Articles 80, 92, 125, and 134, UCMJ, 10 U.S.C. §§ 880, 892, 925, and 934. The members sentenced the appellant to confinement for six months, forfeiture of all pay and allowances, and a dismissal. The convening authority (CA) approved the adjudged sentence.

This case is before us on remand by the United States Court of Appeals for the Armed Forces (CAAF). We begin with a brief recitation of the case's procedural history. In his original appeal, the appellant raised eight assignments of error:

(1) The *Marcum* factors are functionally equivalent to elements of Article 125, UCMJ, such that they must be pleaded, instructed upon, and proven beyond a reasonable doubt;

(2) The military judge abused his discretion and tainted the members panel by ruling that the adultery exception under MILITARY RULE OF EVIDENCE 504(c)(2)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2008 ed.) allowed him to compel the appellant's spouse to testify adversely and thereafter not limiting her testimony to the alleged adultery;

(3) Specifications 1, 5, and 6 of Charge VI, adultery and solicitation, fail to state offenses because they do not allege the terminal element;

(4) The specification under Charge I, attempted adultery, fails to state an offense;

(5) The sole specification under Charge II, unauthorized

absence, fails to state an offense because the date alleged does not include the year;

(6) Specifications 2, 3, and 7 under Charge VI, fraternization and solicitation, the specification under Additional Charge II, breaking restriction, and Specifications 1 and 2 under Additional Charge III, breaking restriction and solicitation, fail to state offenses because they do not allege the terminal element;

(7) The guilty findings for Specifications 1, 5, and 6 of Charge VI are fatally ambiguous;

(8) The military judge's extra-judicial comments made after the court-martial create the appearance that the military judge abandoned his impartiality and deprived the appellant of a fair and impartial court-martial.

In our initial decision, *United States v. Pearce*, No. 201100110, 2012 CCA LEXIS 449, unpublished op. (N.M.Ct.Crim.App. 28 Nov 2012), we affirmed the findings and sentence as approved by the CA.

The appellant's subsequent appeal resulted in the CAAF setting aside our opinion and returning the case to the Judge Advocate General of the Navy for remand to this court for further consideration in light of *United States v. Castellano,* 72 M.J. 217 (C.A.A.F. 2013), and *United States v. Kish*, 72 M.J. 158 (C.A.A.F. 2013) (summary disposition). *United States v. Pearce*, 73 M.J. 54 (C.A.A.F. 2014) (summary disposition). On remand the appellant has essentially reframed his first and last original assignments of error, claiming that; 1) he was deprived of his constitutional right to an impartial judge, 2) that *Marcum* factors must be pleaded, and; 3) that the military judge erred by refusing to instruct the panel on the *Marcum* factors.

After carefully considering the record of trial and the submissions of the parties, we find merit in the appellant's assertion that the military judge erred by failing to instruct the panel on the *Marcum* factors. After taking corrective action in our decretal paragraph and reassessing the sentence, we conclude that the remaining findings and the reassessed sentence

3

are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant remains. Arts. 59(a) and 66(c), UCMJ.[1]

## Background

The appellant's first claimed error on remand focuses on post-trial comments made by the military judge. Approximately 15 months after he sentenced the appellant, the military judge presented a Professional Military Education (PME) lecture to five Marine law school students on active duty for the summer. This training regarded the practice of military justice in general, and the role of a trial counsel in particular. In discussing trial strategy, the military judge encouraged the junior officers to charge and prosecute cases aggressively, referred to "crushing" the accused, stated that Congress and the Commandant of the Marine Corps wanted more convictions, and opined that trial counsel should assume the defendant is guilty. Two of the officers who attended the PME provided written statements regarding the military judge's comments, which now form the basis for the appellant's assigned error. A fair reading of one statement is that the law student found the military judge's comments "odd" and "somewhat bothersome," but also believed some of the comments were made in jest.

In *Kish*, 72 M.J. at 217, the CAAF ordered that these comments by the military judge be the subject of a hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967). That hearing was completed and this court included the findings of fact and conclusions of law from that hearing in an Appendix to its decision in *Kish*, 2014 CCA LEXIS 358 (hereinafter *DuBay* Ruling). Based on the context of these statements, this court concluded that the military judge "was voicing not his own biases or prejudices, but instead a mindset that he believes a junior counsel must adopt to be a tenacious and zealous advocate." *Kish*, 2014 CCA LEXIS at *38. This court further

---

[1] With respect to original assignments of error (AOE) 2-7, we adopt and incorporate herein those portions of our earlier decision addressing those AOEs and similarly decline to grant relief. *United States v. Clifton*, 35 M.J. 79 (C.M.A. 1992). With respect to the three AOEs submitted on remand, we find the first assigned error to be without merit and that our resolution of the third assigned error makes the second moot.

4

concluded that the military judge was not actually biased against accused service members within the meaning of RULE FOR COURTS-MARTIAL 902(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). *Id*. The findings and the conclusions from the *DuBay* Ruling remain those of this court.

Additional facts necessary to resolve the assignments of error are incorporated below.

## Disqualification of Military Judge

We review whether a military judge's post-trial actions demonstrate actual or apparent bias *de novo*.[2] "'An accused has a constitutional right to an impartial judge.'" *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (quoting *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001)). A military judge's impartiality is crucial to the conduct of a legal and fair court-martial. *United States v. Quintanilla*, 56 M.J. 37, 43 (C.A.A.F. 2001).

"There is a strong presumption that a judge is impartial, and a party seeking to demonstrate bias must overcome a high hurdle, particularly when the alleged bias involves actions taken in conjunction with judicial proceedings." *Id.* at 44 (citation omitted). "The moving party has the burden of establishing a reasonable factual basis for disqualification. More than mere surmise or conjecture is required." *Wilson v. Ouellette*, 34 M.J. 798, 799 (N.M.C.M.R. 1991) (citing *United States v. Allen*, 31 M.J. 572, 601 (N.M.C.M.R. 1990), *aff'd,* 33 M.J. 209 (C.M.A. 1991)).

There are two grounds for disqualification of a military judge, actual bias and apparent bias. R.C.M. 902; *Quintanilla*, 56 M.J. at 45. While R.C.M. 902(b) lists various circumstances where actual bias may require disqualification, R.C.M. 902(a) states that a military judge shall "disqualify himself or

---

[2] The CAAF has applied this standard when resolving questions that the appellant could not reasonably have raised at trial. *See, e.g., United States v. Rose,* 71 M.J. 138, 143 (C.A.A.F. 2012) (reviewing *de novo* the deficient performance and prejudice aspects of an ineffective assistance of counsel claim); *United States v. Stefan,* 69 M.J. 256, 258 (C.A.A.F. 2010) (considering *de novo* the qualification of a staff judge advocate to make the post-trial recommendation).

herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

With respect to the appearance of bias, the test we apply is "whether taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt by the military judge's actions." *Martinez*, 70 M.J. at 158 (citation and internal quotation marks omitted). This test may be met when there is "[a]ny conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might be reasonably questioned." *Id*. at 158-59 (citing *United States v. Kinchloe*, 14 M.J. 49, 50 (C.M.A. 1982)). "The appearance standard is designed to enhance public confidence in the integrity of the judicial system." *Quintanilla,* 56 M.J. at 45 (citing *Liljeberg v. Health Service Acquisition Corp.,* 486 U.S. 847, 860 (1988)). The appellant alleges both actual and apparent bias.

As this court has already held that the military judge's PME statements do not support a determination of actual bias against service member defendants, and since, contrary to the appellant's argument, there is nothing in the appellant's record of trial to suggest that the military judge had a personal bias or prejudice concerning him or his case, we limit our review here to whether there was apparent bias concerning the appellant's case.

The appellant makes two arguments in support of a finding of bias.[3] First, the appellant argues that during an Article 39(a), UCMJ, session concerning a defense motion regarding unlawful command influence, the military judge made "questionable comments about the defense bar and service as a defense counsel." Appellant's Brief of 1 Aug 2014 at 11. The appellant also argues that during a later Article 39(a) session regarding a discovery violation, the military judge "became agitated" with defense counsel's *voir dire* of the military judge. *Id*. at 12. The appellant argues that these actions, along with the findings and the conclusions from the *DuBay*

---

[3]  Although these arguments were made with respect to actual bias, we will consider them on the issue of apparent bias, given the absence of any specific argument by the appellant on that issue.

hearing, show a distain for the defense bar and create an apparent bias. We disagree.

Contrary to the appellant's assertions, our review of the military judge's comments during the unlawful command influence motion evidence a jurist committed to ensuring that the appellant received a fair trial, and that the appellant's counsel was not hampered with unlawful interference. When presented with evidence that the trial defense counsel (TDC) had been ordered by his commanding officer (CO)[4] to refrain from contacting witnesses without first coordinating those contacts with the CO or the trial counsel, the military judge told the CO: "We can't do it that way. The defense has to be uninhibited." Record at 180. The military judge then had the CO rescind that order on the stand, and made it "crystal clear" to the TDC that he could call anyone he liked to properly represent his client. *Id*. at 185. It was only after the TDC indicated that he was still concerned about lingering animosity over the incident that the military judge made the comments about "career risks" the appellant now points to. Appellant's Brief at 11. However, those comments were not made to express distain for defense counsel, but rather to explain that although the TDC had a legitimate concern held by all defense counsel, "we expect more out of our senior leaders in the military" and that the military judge, the Chief Defense Counsel of the Marine Corps, and others had all served as defense counsel without it damaging their careers. Record at 186. Nonetheless, the military judge went on to say that if counsel ever felt like they were being retaliated against for doing their job, then they should let their chain of command and the judiciary know immediately, because such action would not be tolerated.

Also taken out of context were the military judge's remarks during the motion session regarding an alleged discovery violation. Although the military judge did become mildly agitated with the TDC, it was only after allowing numerous *voir dire* questions wherein the TDC kept mischaracterizing the

---

[4] Although the appellant's TDC reported to the Regional Defense Counsel, and then the Chief Defense Counsel of the Marine Corps, for purposes of fitness reports, he was assigned for administrative purposes (such as leave, training, etc.) to the Headquarters and Headquarters Squadron. The lieutenant colonel who gave the order in question was in command of that unit, and therefore the TDC's commanding officer.

7

military judge's answers. Taken as a whole, the transcript shows that the military judge provided training wherein he advised a group of judge advocates that discovery is an affirmative obligation, that all evidence in the possession of both parties should be turned over without gamesmanship, and that failure by a party, such as the Government, to respond in a timely or appropriate fashion should be as a treated as a denial, and thus prompt the opposing party of file a motion to compel. The fact that the military judge became mildly annoyed at TDC's questions challenging the legitimacy of what the TDC characterized as "constructive denial" does not serve to support an argument that the military judge held the defense bar, or the appellant, in distain. *Id*. at 359.

Accordingly, we find this assignment of error to be without merit.

## Instructional Error

The appellant alleges the military judge erred by refusing to instruct the panel regarding the *Marcum* factors for the consensual sodomy specifications under Charge V. We agree.

At the time of the appellant's trial, the only court to have considered the issue had held that *Marcum* factors were questions of law to be decided by the military judge, not questions of fact to be decided by the members. *United States v. Harvey*, 67 M.J. 758, 763 (A.F.Ct.Crim.App. 2009), *petition denied*, 68 M.J. 489 (C.A.A.F. 2010). That view was later adopted by this court and the Army Court of Criminal Appeals. *See United States v. Williams*, 2011 CCA LEXIS 412 (Army Ct.Crim.App. 21 Dec 2011), *rev'd in part on other grounds*, 71 M.J. 356 (C.A.A.F. 2012) (summary disposition); *United States v. Stratton*, 2012 CCA LEXIS 16, at *9-10 (N.M.Ct.Crim.App. 26 Jan 2012). However, after our original decision in this case was issued, our superior court held that "whether a *Marcum* factor exists is a determination to be made by the trier of fact based on the military judge's instructions identifying facts or factors that are relevant to the constitutional context presented." *United States v. Castellano,* 72 M.J. 217, 223 (C.A.A.F. 2013). Because the appellant's convictions had not yet become final under Article 71(c)(1)(C), UCMJ, at the time of

8

the CAAF's decision, the ruling in *Castellano* is applicable to this case.

In light of *Castellano*, we find that the military judge committed plain error. *See Johnson v. United States*, 520 U.S. 461, 468 (1997) ("Where the law at the time of trial was settled and clearly contrary to the law at the time of appeal" appellate courts review for plain error.) Here, as in *Castellano*, "the members were instructed that they could convict Appellant of sodomy if they found nothing more than that the physical act had occurred." *Castellano,* 72 M.J. at 219. Accordingly, failure to instruct the members on the *Marcum* factors was prejudicial error. *Id*. at 223. Thus, we set aside and dismiss the appellant's convictions for consensual sodomy.

**Sentence Reassessment**

Because of our action on the findings, we will reassess the sentence in accordance with the principles set forth in *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), *United States v. Cook*, 48 M.J. 434, 438 (C.A.A.F. 1998), and *United States v. Sales*, 22 M.J. 305, 307-09 (C.M.A. 1986). Although a "'dramatic change in the penalty landscape' gravitates away from the ability to reassess" a sentence, *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006) (quoting *United States v. Riley*, 58 M.J. 305, 312 (C.A.A.F. 2003)), we find no such dramatic change here.

While our decision reduces the maximum possible punishment from confinement for 25 years and 3 months, to confinement for 18 years and three months, both punishments are so far removed from the six months of confinement actually awarded by the members as to render the difference legally insignificant. More importantly, nothing in our decision changes the nature of the criminal acts that could have been considered by the panel when determining a proper sentence. Both of the sodomy charges that we set aside had been merged for sentencing purposes with other charges at trial. One specification of consensual sodomy had been merged for sentencing purposes with a specification of attempted adultery, while the other had been merged with a specification of actual adultery. Because R.C.M. 1001(b)(4) allows the Government to present "evidence as to any aggravating

circumstance directly relating to or resulting from the offense of which the accused has been found guilty[,]" the members could have properly considered that fact that the appellant engaged in consensual sodomy as part of his efforts to convince a subordinate to have adulterous sexual intercourse with him, and that on a different occasion he engaged in consensual sodomy as part of an adulterous sexual encounter with a subordinate's wife.  Accordingly, we are confident that the members would have imposed, and the CA would have approved, the previously adjudged sentence to six months confinement, total forfeiture of all pay and allowances, and a dismissal.

## Conclusion

The findings of guilty to Specifications 1 and 2 of Charge V and Charge V, Sodomy, are set aside and those offenses are dismissed with prejudice.  The remaining guilty findings and the sentence are affirmed.

Chief Judge MITCHELL and Judge HOLIFIELD concur.

For the Court



R.H. TROIDL
Clerk of Court

10