Judge EFFRON
delivered the opinion of the Court.
A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of rape and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 3 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion in October 1998. The decision was set aside by order of this Court (52 MJ 442) on September 20, 1999, and the case was returned to the Court of Criminal Appeals for further review concerning sufficiency of the evidence under Article 66(c), UCMJ, 10 USC § 866(c). On remand, the lower court affirmed the findings and sentence in an unpublished opinion dated February 29, 2000.
On appellant’s petition, we granted review of the following issue:
WHETHER THE LOWER COURT ERRED' WHEN IT ALLOWED A JUDGE WITH A CONFLICT OF INTEREST TO REVIEW APPELLANT’S CASE ON APPEAL.
For the reasons set forth below, we affirm.
I. BACKGROUND
Appellant asserts that Judge Dorman should have recused himself from the panel of the Court of Criminal Appeals reviewing his case. Prior to his appointment to the Court of Criminal Appeals, Colonel Dorman served as the Director of the Appellate Government Division of the Navy-Marine Corps Appellate Review Activity (Appellate Government Division). He served as Director from July 1995 to May 26, 1998. On June 16, 1998, Col. Dorman was sworn in as a judge on the lower court.
Appellant’s case was docketed with the Court of Criminal Appeals in March 1997; a copy of the docketing notice and record of trial were provided by the court to both appellate divisions. Appellate defense counsel filed numerous motions for enlargement of time with the lower court. In accordance with the practice of the Appellate Government Division, the first seven motions went unopposed. Appellant’s combined eighth-ninth motion for enlargement of time, filed on March 13,1998, and his tenth motion, filed on April 6, 1998, were opposed by the Government. In both instances, the Government’s opposition to the motions for enlargement consisted solely of the assertion that “[t]he Government believes that appellant has had ample time to research and raise potential issues, and requests this Court to set a date certain for appellant to file his Assignment of Errors and Brief.” Both documents were filed by the Deputy Director of the Appellate Government Division during Col. Dorman’s tenure as Director of the Division. The lower court granted appellant’s combined eighth-ninth motion and the tenth motion for enlargement of time. Appellant filed an assignment of errors and brief with the court on August 4, 1998, more than 2 months after Judge Dorman left the Appellate Government Division and became an appellate judge. The Government filed its answer on September 3, 1998. The Court of Criminal Appeals issued its initial decision on October 29, 1998. Judge Dorman had joined the court at this point, but did not sit on the panel that issued the decision, which was composed of Judges Sefton, Troidl, and Anderson. After that decision was set aside by our Court, 52 MJ 442, the case was considered upon remand by a different panel of the Court of Criminal Appeals, composed of Judges Dorman, Rolph, and Naugle. That panel issued its decision on February 29, 2000. Appellant did not seek Judge Dor-man’s disqualification at any point while the case was under consideration by the Court of Criminal Appeals.
*319 In an affidavit filed with our Court, Judge Dorman avers that he “had no involvement” with appellant’s case while he was the Director of the Appellate Government Division; that he gave no “specific or general guidance” to the Deputy Director about filing oppositions to the motions for enlargement in this case; and that he was “not aware” that the Government had made replies in opposition to appellant’s motions until the present appeal was filed with our Court. Judge Dor-man also stated that the Appellate Government Division, “[w]ith rare exception, ... took no action on a record of trial until” an appellant “filed assignments of error” with the Court of Criminal Appeals. In light of these circumstances, he decided that he would generally recuse himself “from participating in any case in which an appellant had filed a brief raising an assignment of error with the NMCCA on or before 26 May 1998, the day I was relieved of duties as the Director of the Appellate Government Division.” [1]
II. STANDARDS FOR RECUSAL
Title 28 USC § 455 governs the recusal of judges and is applicable to cases involving the actions of appellate military judges. United States v. Lynn, 54 MJ 202, 205 (2000). Appellant claims that Judge Dor-man’s participation in the review of his case violates the following provisions of § 455:
(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular ease in controversy.
Subsection (a) enhances public confidence in the judicial system by ensuring that judges avoid the appearance of partiality. See Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). The test for determining if recusal is necessary under this section is “whether a reasonable person who knew all the facts might question these appellate military judges’ impartiality.” United States v. Mitchell, 39 MJ 131, 143 (CMA)(emphasis in original), cert. denied, 513 U.S. 874, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994).
Subsection (b)(3) shields parties from having their case tried before a judge who may have formed opinions or gained knowledge via prior contact with the case in a governmental capacity. Recusal is mandatory for a judge who falls within the specific circumstances of this section because those circumstances are viewed as inconsistent with impartiality.
The Federal Courts of Appeals have applied two different approaches to evaluating whether a judge who previously served as a U.S. Attorney may preside over a case investigated by the U.S. Attorney’s office during his or her tenure as the head of that office. The Ninth Circuit has applied a “vertical imputation” theory under which the knowledge and actions of subordinates are attributed to the U.S. Attorney, holding that “[a] United States District Judge cannot adjudicate a case that he or she as United States Attorney began.” United States v. Ampriester, 37 F.3d 466, 467 (1994). By contrast, the Tenth Circuit has interpreted the phrase “participated as counsel” in subsection (b)(3) as connoting activity by the individual and has held that a judge is not required to recuse himself absent a specific showing of actual prior involvement with the case. United States v. Gipson, 835 F.2d 1323, cert. denied, 486 U.S. 1044, 108 S.Ct. 2038, 100 L.Ed.2d 623 (1988). The court focused on the fact that Congress specifically amended the statute in 1974 to modify the phrase “of *320 counsel” to read “participated as counsel.” See id. at 1326, citing 28 USC § 455(b)(3); see also Mangum v. Hargett, 67 F.3d 80, 83 (5th Cir.1995)(agreeing with the analysis in Gipson), cert. denied, 516 U.S. 1133, 116 S.Ct. 957, 133 L.Ed.2d 880 (1996).
III. DISCUSSION
A trial or appellate judge’s decision on recusal is reviewed for abuse of discretion. Lynn, 54 MJ at 205. In the present case, appellant did not question Judge Dorman’s participation until his appeal before our Court. When an appellant does not raise the issue of disqualification until appeal, the reviewing court examines the claim under the plain error standard of review. United States v. Schreiber, 599 F.2d 534, 536 (3d Cir.), cert. denied, 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979).
Our recent decision in Lynn involved a factually related case in which we held that Judge Dorman’s prior position as Director of the Appellate Government Division did not require him to recuse himself under § 455(a) because (1) the Government took no action on the accused’s case except to receive and store the record of trial during the period Col. Dorman headed the division; (2) the seven defense motions for enlargement of time filed during Col. Dorman’s tenure went unopposed; and (3) there was unrebutted evidence that Col. Dorman had no involvement in the case while at the Appellate Government Division. 54 MJ at 203, 204, 206. We held that Judge Dorman’s policy on recusal was “reasonable” in light of the Division’s practice of not reviewing the record until a brief was filed or until the eighth request for enlargement of time, id. at 204,“because it limits his participation to those cases in which Appellate Government had no substantive involvement.” Id. at 207.
The sole difference between Lynn and the present case is the fact that the Government opposed two of appellant’s motions for enlargement of time — the combined motion for the eighth and ninth enlargements — and the tenth motion, while Col. Dorman headed the Division. In Lynn, we provided the following description of the Government’s policy concerning responses to defense motions for enlargement:
[Ljengthy defense appellate delays are sufficiently common that the Government has gone to the extent of formulating a policy of not even opposing the first seven motions for enlargement of time, and indeed it appears that even the succeeding oppositions are quite perfunctory.
Id. at 206-07 (footnote omitted). The same characterization applies to the record of the present case, which reflects government opposition limited to the rote assertion that “[t]he Government believes that appellant has had ample time to research and raise potential issues.” Such a perfunctory and mechanical response does not create a reasonable question about Judge Dorman’s lack of impartiality, especially when, as in Lynn, appellant does not contest Judge Dorman’s lack of knowledge about and personal involvement with appellant’s case. We hold that no error was committed because Judge Dorman was not required to recuse himself under 28 USC § 455(a).
Appellant argues that the present case should be distinguished from Lynn because Judge Dorman held supervisory power, which would impute the actions of the attorneys under his charge to him if we were to apply the Ninth Circuit’s vertical imputation theory. See United States v. Ampriester, supra.
As we noted earlier, the vertical imputation theory is one of two standards for viewing a judge’s former role as attorney under the statute. The other is the Tenth Circuit’s requirement for actual prior involvement. See United States v. Gipson, supra. The record and Judge Dorman’s unrebutted affidavit demonstrate that he had no actual involvement with this case during his tenure at the Appellate Government Division. In view of the perfunctory nature of the oppositions filed by the Deputy Director in this case, in mechanical adherence to standard Division practice, we conclude that it is appropriate to apply the actual prior involvement standard to this case, rather than the vertical imputation standard. Accordingly, the fact that *321 Judge Dorman did not recuse himself sua sponte did not amount to plain error.
We reserve judgment as to which standard should be applied in other circumstances. There may be cases, for example, in which denial of an extension might have substantive consequences or in which the nature of the actions taken by the Deputy Director would involve deficiencies for which the Director could be held accountable and responsible. Regardless of which standard should be applied, we emphasize that the difficulty of determining which actions are so perfunctory that recusal is not required can be readily avoided in the future if judges appointed to the lower courts after prior appellate division service would recuse themselves from all cases that were pending during their tenure in the division.
IV. CONCLUSION
The decision of the United States Navy-Marine Corps Court of Criminal Appeals upon remand is affirmed.

. Our decision in United States v. Lynn, 54 MJ 202 (2000), describes the practice of the Appellate Government Division in responding to defense motions for enlargement of time, as well as Judge Dorman's policy on recusal related to his prior assignment.