# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE,[1] TOZZI, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER A. BOGUS**
**United States Army, Appellant**

ARMY 20130224

Headquarters, United States Maneuver Support Center of Excellence
Jeffery R. Nance, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief).  Colonel Kevin Boyle, JA; Lieutenant Colonel Charles D. Lozano, JA (on supplemental brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Daniel H. Karna, CPT, JA (on brief and supplemental brief).

11 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of larceny of an amount under $500 in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  While two of appellant's three assignments of error warrant discussion, none warrant relief.  In particular, appellant argues that the military judged violated appellant's due process rights by considering evidence at sentencing that he had already ruled was

------------------------------
[1] Chief Judge GLANVILLE took final action on this case while on active duty.

inadmissible. Appellant also argues the military judge was not impartial by sua sponte elicting that evidence. We disagree.

## BACKGROUND

The military judge found appellant guilty, pursuant to his pleas, of Specification 1 of the Charge, stealing an ATM card, of some value, the property of Specialist (SPC) LJH, and of Specification 3 of the Charge, larceny of two pairs of sunglasses, the property of the Army and Air Force Exchange Service (AAFES). The military judge found appellant not guilty of Specification 2 of the Charge, which alleged that appellant stole a total amount of $1,013 from SPC LJH by withdrawing money from the account of SPC LJH using the ATM card which is the subject of Specification 1 of the Charge.

During sentencing, the government called Mr. H (SPC LJH's father) to testify about the impact of the offenses on SPC LJH.[2] Mr. H testified about the effect the offenses had upon his son's opinion of the Army. During his testimony he also testified that his son was frustrated with the bank about his efforts to recoup the $1,000 back into his account. After Mr. H completed his testimony the military judge cleared the courtroom and clearly and unequivocally admonished the trial counsel, stating he would not consider any information on sentencing about SPC LJH losing $1,000 and being frustrated with the bank. Consideration of such evidence was not appropriate at sentencing because appellant was not convicted of taking $1,000 from SPC LJH.

During his unsworn statement, defense counsel asked appellant "Have you made any efforts to pay back both [AAFES] and Tinker Federal Credit Union?" Appellant answered, "Yes, Your Honor, I have tried to contact the bank and they told me I couldn't do anything but a cashier's check. If I had the $200 right now I'd pay back the PX for their fee also."[3] After the defense rested their sentencing case, the military judge stated, "Government, in rebuttal I will allow you to put on evidence of financial impact and efforts to repay [the credit union] because that was – if you have factual information to rebut that statement of fact made in the unsworn statement I will allow you to do that now, but any other rebuttal you think you have I want to talk to you about it if it relates to something other than that I just described." The trial counsel stated the government did not have anything in rebuttal.

---

[2] Specialist LJH had passed away before trial. His father kept SPC LJH's banking records and was able to testify about them.

[3] Although the parties occasionally used the term "bank," the financial institution at issue was a credit union.

The military judge then recalled Mr. H, stating "I have a couple of questions I want to ask you." The military judge then asked Mr. H if he was "aware of any efforts made to reimburse Tinker Federal Credit Union for the money that was withdrawn from the account . . . roughly $1,000?" Mr. H answered that he was not aware. The military judge then asked if Mr. H was "in a position where if that had been attempted you would know of it?" Mr. H answered "Yes, his girlfriend has— she's the primary on the account, I still get his statements, so there are no new additions to his balance in the statements." The military judge then asked the defense counsel if he wanted to call anybody for surrebuttal. Thereafter the defense counsel entered an oral stipulation with the government "That the defense [counsel] has contacted the Tinker Federal Credit Union in order to try and make reimbursements but no reimbursements have been made yet." After ensuring the government stipulated, the military judge stated, "Okay. Now that's the stipulation of fact. I will consider that as fact after I talk to Sergeant Bogus about it." Appellant alleges that in a post-trial bridge the gap session the military judge stated, "I considered it" with respect to the evidence surrounding any reimbursement efforts on the part of the appellant.

## LAW AND DISCUSSION

Appellant alleges the military judge violated his due process rights by recalling Mr. H in rebuttal and by relying on Mr. H's testimony. Appellant further argues that these actions cast doubt upon the military judge's impartiality. Because appellant did not raise these issues at trial, we examine the claim under the plain error standard of review. *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (citing *United States v. Jones*, 55 M.J. 317, 320 (C.A.A.F. 2001)). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice." *Id.* (citing *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008)).

Appellant essentially challenges the military judge for recalling Mr. H and then relying on his testimony. First, it is neither plain nor obvious that the military judge erred in recalling Mr. H. Article 46, UCMJ, states "The trial counsel, the defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence in accordance with such regulations as the President may prescribe." *See* Mil. R. Evid. 614(a), (b) (authorizing military judges to call and question witnesses). While it may be unusual for a military judge to call a sentencing witness sua sponte, we find no authority for the proposition that the military judge is prohibited from doing so. The questions at issue are open-ended and the military judge did not know how Mr. H would answer the question. The answers could very well have been favorable to appellant. As such, these open-ended questions are not biased toward either party and do not create grounds for disqualification of the military judge, particularly after the defense counsel opened

3

the door by eliciting statements from the appellant in his unsworn statement central to the claims of error.

Second, even assuming the military judge considered Mr. H's testimony, it was not error to do so in light of appellant opening the door in his unsworn statement. Appellant's unsworn statement about attempting to pay back AAFES and the credit union tends to be mitigating and reflect positively on his rehabilitative potential. The evidence introduced after appellant's statements creates a fuller context of appellant's efforts – and does not establish grounds for disqualifying the military judge. Put another way, the evidence might have shown that appellant did pay back AAFES and the credit union. The military judge would not be biased in favor of appellant had he considered elicited evidence favorable to appellant. The converse is true as well.

Ultimately the record establishes that the military judge considered mitigating conduct on the part of appellant in the form of the stipulation of fact that bolstered appellant's own assertion in his unsworn statement, mitigating his overall conduct. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)).

Assuming *arguendo* that the military judge erred in recalling Mr. H as a witness, we are not convinced this action "substantially influenced the adjudged sentence." *United States v. Eslinger*, 70 M.J. 193, 201 (C.A.A.F. 2011) (quoting *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005)); UCMJ art. 59(a). The parties expressly stipulated to appellant's reimbursement efforts. Had appellant objected at trial to that line of evidence, he should have objected rather than stipulated to the precise facts of that evidence. Furthermore, appellant was a noncomissioned officer convicted of larceny from a fellow soldier and AAFES. Appellant's sentence was appropriate under the circumstances and does not evidence an unlawful sentencing procedure.

## CONCLUSION

Upon consideration of the entire record, the findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4