# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201700129

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## BRYCE A. CRUSE
Construction Mechanic Constructionman (E-3), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commander, U.S. Naval Forces Japan,
Yokosuka, Japan.
Staff Judge Advocate's Recommendation: Commander Tracy L.
Clark, JAGC, USN.
For Appellant: Captain Armando A. Rodriguez-Feo, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant George R.
Lewis, JAGC, USN.

————————————

Decided 13 February 2018

————————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of two specifications of attempted sexual abuse of a child and one specification each of unauthorized absence and solicitation to produce and distribute child pornography, in violation of Articles 80, 86, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C.

§§ 880, 886, and 934. The military judge sentenced the appellant to 30 months' confinement, reduction to pay grade E-1, forfeiture of all pay and allowances, a reprimand, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to a pretrial agreement, suspended all confinement in excess of 15 months. Except for the bad-conduct discharge, the CA ordered the sentence executed.

The appellant asserts that the military judge should have recused himself because he was sleeping during the trial defense counsel's (TDC) sentencing argument.[1] Having carefully considered the record of trial and the parties' submissions—including the declaration submitted by the appellant and the affidavit of his TDC—we conclude the findings and sentence are correct in law and fact and find no error materially prejudicial to the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

For the first time on appeal, the appellant claims that "[d]uring the presentencing argument, [he] observed that the military judge dozed off and closed his eyes for several minutes."[2] In addition to the appellant's one-sentence declaration, the appellate defense counsel tendered an affidavit from the TDC. In the affidavit, the TDC swore that he saw the military judge's eyes close a few times for two or three seconds but "did not perceive the necessity or grounds to raise this issue to the military judge's, or the record's, attention."[3]

## II. DISCUSSION

First, we find that—in spite of the diverging statements of the appellant and his TDC—a post-trial factual evidentiary hearing is not required. Second, we conclude that there was no plain error committed by the military judge and, even if there was, the appellant has failed to show any prejudice.

### A. No *DuBay*[4] hearing needed

Over a half-century ago, the Court of Military Appeals concluded "that appellate-court resolution of [posttrial] claims on the basis of competing affidavits was not satisfactory," and that court established the *DuBay* hearing as "a new trial-type procedure for factfinding on these posttrial claims." *United States v. Ginn*, 47 M.J. 236, 243 (C.A.A.F. 1997). We are

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Appellant's Motion to Attach of 21 Aug 2017 at Enclosure B.

[3] Appellant's Motion to Attach of 15 Aug 2017 at Exhibit A.

[4] *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).

mindful that our Article 66(c), UCMJ, authority to act as a factfinder applies only in appellate review and not as a trial court. Ordinarily we would order a *DuBay* hearing to resolve conflicting facts contained in post-trial affidavits.

However, the Court of Appeals for the Armed Forces has also held that if the appellant's declaration "is factually adequate on its face but the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts, [we] may discount those factual assertions and decide the legal issue" without the need for a *DuBay* hearing. *Ginn*, 47 M.J. at 248. We find the TDC's affidavit and the record as a whole "compellingly demonstrate" the improbability of the appellant's claim that the military judge "dozed" during the TDC's sentencing argument.

First, while the appellant asserts that the military judge was dozing for several minutes "[d]uring the presentencing argument[,]" the TDC's affidavit reflects his careful observation of the military judge at the key stages of the trial:

> Throughout the providency inquiry and witness examination, the military judge appeared attentive and focused on the proceedings. On two or three occasions during argument of counsel, it appeared from my vantage point that the military judge's eyes momentarily closed. At most, his eyes were closed for two or three seconds, and then reopened. I saw this happen two or three times during argument. Because these occurrences were very quick and momentary, I did not perceive the necessity or grounds to raise this issue to the military judge's, or record's, attention.[5]

Second, the record compellingly demonstrates that the military judge was alert and attentive, and not asleep, during the TDC's sentencing argument. In the middle of the TDC's argument concerning the latent psychosexual development of his client, the following exchange occurred:

> TC: Your Honor, I believe that would be . . .
>
> MJ: Facts not in evidence?
>
> TC: Yes, Your Honor.
>
> MJ: Sustained.[6]

Clearly, the military judge was paying attention to the defense's sentencing argument, as he was able to *sua sponte* anticipate the legal basis

---

[5] Appellant's Motion to Attach of 15 Aug 2017 at 3.

[6] Record at 129.

for the trial counsel's objection without the trial counsel having articulated it. The record, as a whole, is devoid of any indication that the military judge was asleep or inattentive during the trial. There is no evidence from any other courtroom participant—including the trial counsel, the court reporter, the military judge, or any person in the gallery—that the military judge was asleep. The appellant's claim that the military judge was dozing for several minutes is belied by the record. Therefore, we are able to decide the legal issue without ordering a *DuBay* hearing. *Ginn*, 47 M.J. at 248.

## B. No plain error

The appellant argues that because the military judge was dozing, he should have recused himself from the trial. RULE FOR COURTS-MARTIAL 902(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) requires military judges to disqualify themselves if their "impartiality might reasonably be questioned." There is nothing in the record suggesting impartiality by the military judge.

"When an appellant, as in this case, does not raise the issue of disqualification [of a military judge] until appeal, we examine the claim under the plain error standard of review." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (citing *United States v. Jones*, 55 M.J. 317, 320 (C.A.A.F. 2001)). "[P]lain error occurs when: (1) there was error, (2) such error was clear or obvious, and (3) the error materially prejudiced a substantial right of the accused. . . . The burden lies with [the a]ppellant to establish plain error." *United States v. Guardado*, 77 M.J. 90, 2017 CAAF LEXIS 1142 at *6 (C.A.A.F. 2017) (citations omitted).

As outlined above, we find no error. Even viewed in the light most favorable to the appellant, if the military judge dozed off for two or three seconds on two or three occasions, he missed less than ten seconds of the TDC's argument—an argument which extended over six transcribed pages. Assuming, *arguendo*, there was error—and that it was clear and obvious—the appellant has alleged no prejudice. We also find no prejudice.

### III. CONCLUSION

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court