# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant First Class QUANTRELL L. ANDERSON**
**United States Army, Appellant**

ARMY 20170158

Headquarters, United States Army Aviation Center of Excellence
Richard J. Henry, Military Judge
Lieutenant Colonel Leslie A. Rowley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Captain Joseph C. Borland, JA (on brief).

For Appellant: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

5 February 2020

------------------------------------------------
OPINION OF THE COURT ON REMAND
------------------------------------------------

SCHASBERGER, Judge:

This is our second time reviewing this case under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ]. In our first review, we affirmed the findings and sentence in appellant's case in an Opinion of the Court.[1] *United States v. Anderson*, 78 M.J. 727 (Army Ct. Crim. App. 2019). Therein, this court did a thorough analysis of appellant's maltreatment convictions. While this court

---

[1] In March 2017, an enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of maltreatment and one specification of abusive sexual contact, in violation of Articles 93 and 120, UCMJ. The panel sentenced appellant to a bad-conduct discharge, confinement for thirty months, and reduction to the grade of E-1. The convening authority approved appellant's sentence as adjudged, and waived automatic forfeitures for a period of six months, directing those funds be paid to appellant's spouse.

reiterates the maltreatment analysis from our previous opinion, we focus here on the issue remanded by our superior court for our consideration.[2]

After our review, appellant sought review of his case by the Court of Appeals for the Armed Forces (CAAF). As part of his petition for grant of review, appellant personally asserted, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his military judge lacked impartiality. This assertion was based on a notice appellant received that his military judge, Lieutenant Colonel (LTC) Richard Henry, "was involved in an inappropriate relationship with the wife" of an attorney practicing before him. Specifically, an investigation found that LTC Henry engaged in an inappropriate relationship with Mrs. KC, the wife of Captain (CPT) AC, a judge advocate who practiced before LTC Henry as a trial counsel and later became a defense counsel in the same judicial circuit. The CAAF ultimately granted appellant's petition for review, and remanded his case for this court to address the following specified issued:

> WHETHER THE MILITARY JUDGE ERRED BY FAILING TO RECUSE HIMSELF BASED ON CIRCUMSTANCES THAT, IF KNOWN AT THE TIME OF APPELLANT'S COURT-MARTIAL, WOULD HAVE PROVIDED REASONS TO REASONABLY QUESTION HIS IMPARTIALITY.

*United States v. Anderson*, __ M.J. ___, 2019 CAAF LEXIS 777 (C.A.A.F. 2019) (order).

After careful consideration of the facts and circumstances surrounding LTC Henry's inappropriate relationship with Mrs. KC, we find that LTC Henry was not disqualified at the time of appellant's court-martial in March 2017. Specifically, CPT AC played no role in appellant's court-martial, and there is no evidence that LTC Henry's relationship with Mrs. KC otherwise required disclosure at appellant's trial. Additionally, even if LTC Henry was disqualified in March 2017, we are convinced that LTC Henry's involvement in appellant's case does not risk undermining the public's confidence in the judicial process. Accordingly, we affirm appellant's findings and sentence in our decretal paragraph.

---

[2] We note that in our original opinion, we erroneously wrote that the adjudged and approved sentence included forfeitures and that the convening authority credited appellant with four days against his sentence to confinement. The correct adjudged and approved sentence is as stated in note 1, above.

## BACKGROUND[3]

In 2016 and at all times relevant to his court-martial, appellant was assigned at Fort Rucker, Alabama. Moreover, he committed the misconduct, was charged, and was tried at Fort Rucker, Alabama. At the time, LTC Henry was serving as a military judge at Fort Benning, Georgia. As part of his duties, LTC Henry was detailed to courts-martial at Fort Rucker, Alabama. Captain AC was assigned as a trial counsel in the Fort Benning, Georgia, Office of the Staff Judge Advocate (OSJA). At all times relevant to this case, CPT AC was married to Mrs. KC; LTC Henry was also married.[4]

Mrs. KC first met LTC Henry in October 2016 at a Halloween party hosted by the Fort Benning, Georgia, OSJA. After the party, LTC Henry and Mrs. KC began exchanging messages via Facebook messenger. In their messages, they discussed personal issues such as children, family, work, and marriage, as well as "non[-]personal issues." Over time, they developed a deep friendship. Mrs. KC shared things with LTC Henry that she only shared with one other longtime friend.

On 6 December 2016, LTC Henry presided over the initial Article 39(a), UCMJ, session and the arraignment at appellant's court-martial at Fort Rucker, Alabama. Lieutenant Colonel Henry stated on the record that he was not aware of any matter that might be a ground for challenging him as the presiding judge. Neither the prosecution nor the defense challenged LTC Henry. Lieutenant Colonel Henry later presided over appellant's trial on the merits, which began on 14 March 2017. The prosecutors assigned to appellant's case were detailed by the staff judge advocate at Fort Rucker, Alabama. Captain AC did not participate in any stage of appellant's court-martial.

---

[3] Our review and discussion of the facts and circumstances surrounding appellant's convictions is limited to those facts and circumstances necessary to resolve the issue remanded by our superior court.

[4] As we did in *United States v. Springer*, __ M.J. ___, ARMY 20170662 (Army Ct. Crim. App. 22 Jan. 2020), we take judicial notice of various items related to LTC Henry's relationship with Mrs. KC, located in two records of trial from another court-martial, *United States v. Rudometkin*, ARMY 20180058, and *United States v. Rudometkin*, ARMY MISC 20180675. Three items are particularly relevant to their relationship: (1) App. Ex. LXXIX, *United States v. Rudometkin*, ARMY 20180058 (military judge's findings of fact and conclusions of law concerning LTC Henry's inappropriate relationship); (2) transcript pages 1403-1541, *United States v. Rudometkin*, ARMY 20180058 (Article 39(a), UCMJ, post-trial hearing related to LTC Henry's relationship with Mrs. KC); and (3) Def. App. C., *United States v. Rudometkin*, ARMY MISC 20180675 (Army administrative investigation into LTC Henry's relationship with Mrs. KC).

In the months after appellant's court-martial, Mrs. KC's relationship with LTC Henry grew steadily closer. By December 2017, CPT AC began to notice what he deemed to be suspicious behavior by his wife. Specifically, CPT AC noticed the frequency of the texting between LTC Henry and Mrs. KC increased in December. The texting would occur at all hours, to include well into the night.

The relationship between LTC Henry and Mrs. KC continued to grow in early 2018, where the two frequently attended yoga classes and dined at restaurants together. Lieutenant Colonel Henry also allowed Mrs. KC to use the courtroom to study for classes she was taking in furtherance of her master's degree. In April 2018, CPT AC accused Mrs. KC of having an affair with LTC Henry and reported his concerns to his chain of command.

Following CPT AC's report, LTC Henry was removed from the bench on 8 April 2018. Thereafter, the then Commander of the United States Army Legal Services Agency appointed Colonel (COL) DR to conduct an investigation of LTC Henry pursuant to Army Reg. 15-6, Boards, Commissions, and Committees: Procedures for Administrative Investigations and Boards of Officers (1 Apr. 2016) [AR 15-6]. The investigating officer concluded that LTC Henry engaged in "a personal and emotionally intimate relationship with Mrs. [KC] between December 2017-April 2018."

## LAW AND DISCUSSION

"When an appellant, as in this case, does not raise the issue of disqualification until appeal, we examine the claim under the plain error standard of review." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (citing *United States v. Jones*, 55 M.J. 317, 320 (C.A.A.F. 2001)). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice." *Id.* (citing *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008)).

"An accused has a constitutional right to an impartial judge." *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (citations and internal quotation marks omitted). In furtherance of this right, the President promulgated Rule for Courts-Martial (R.C.M.) 902, which provides the framework for when a military judge must be disqualified from participating in a court-martial. Rule for Courts-Martial 902(a)-(b) establishes grounds for disqualification when a military judge is either actually biased or conflicted based on some specific grounds, or when the military judge appears to lack impartiality under all the facts and circumstances. *See also Martinez*, 70 M.J. at 157. Here, we focus on the military judge's appearance of impartiality.

"[A] military judge *shall* disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M.

902(a) (emphasis added).  To determine if a military judge should disqualify himself, "the test is whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt" by the military judge's actions.  *United States v. Burton*, 52 M.J. 223, 226 (C.A.A.F. 2000) (citations and internal quotation marks omitted).  When conducting this test, we apply an objective standard of "any conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned."  *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982) (citations and internal quotation marks omitted).

If we determine the military judge should have disqualified himself, we then analyze the facts to determine if the error was harmless.  "In a plain error context we look to see if the error materially prejudiced the substantial rights of the appellant" pursuant to Article 59(a), UCMJ.  *Martinez*, 70 M.J. at 159.

Even absent material prejudice to a substantial right pursuant to Article 59(a), UCMJ, a judge's failure to disqualify himself may still require a remedy after applying the test laid out in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 862-64 (1988).  *See Martinez*, 70 M.J. at 159.  In *Liljeberg*, the Supreme Court considered three factors in determining "whether a judgment should be vacated" based on a judge's appearance of partiality: "[1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process."  486 U.S. at 864.  The CAAF applies the same three-part test in analyzing cases involving a military judge's appearance of partiality pursuant to R.C.M. 902(a).  *See United States v. Quintanilla*, 56 M.J. 37, 45 (C.A.A.F. 2001).

We therefore initially ask ourselves whether a reasonable person, knowing all the circumstances, would question LTC Henry's impartiality and, if so, is a remedy required?  For the reasons set out below, we answer the first question in the negative and therefore need not reach the second question.

In contrast to *Springer*, __ M.J. ___, ARMY 20170662, we specifically find that here LTC Henry was not disqualified to act as the military judge in appellant's case.  At the time of appellant's March 2017 court-martial at Fort Rucker, Alabama, the evidence shows LTC Henry, a military judge assigned to Fort Benning, Georgia, was friends with the wife of a prosecutor assigned to Fort Benning, Georgia.  Critically, that prosecutor, CPT AC, had no involvement with appellant's case.

In reviewing this case, we have found no case law or other authority which suggests a military judge must disclose a friendship with the spouse of a prosecutor, when that prosecutor is in no way involved in the case at issue.  We consider whether a reasonable person knowing all the facts and circumstances of appellant's case would question LTC Henry's impartiality.  Specifically, the relevant facts and

circumstances include: (1) the nature of LTC Henry's relationship with Mrs. KC at the time of trial (friendship); (2) the locality of appellant's court-martial (Fort Rucker, Alabama instead of Fort Benning, Georgia, where CPT AC was assigned); (3) CPT AC's lack of participation in appellant's court-martial; (4) CPT AC's assignment as a prosecutor in a different OSJA than the one prosecuting appellant's case; and (5) the lack of similarity between the charges in appellant's case and the nature of LTC Henry's undisclosed conduct. Based on these facts and circumstances, we find that a reasonable person would have no reason to question LTC Henry's involvement or impartiality in appellant's case. Accordingly, we find that LTC Henry was not disqualified from acting as the military judge in appellant's court-martial.

As we find that LTC Henry was not disqualified from acting as the military judge in appellant's case, we need not conduct an Article 59(a), UCMJ, analysis, nor analyze the three factors identified in *Liljeberg*.[5]

## CONCLUSION

The findings and sentence are AFFIRMED.[6]

Senior Judge BROOKHART and Judge SALUSSOLIA concur.

---

[5] Assuming *arguendo* that LTC Henry erred by not disclosing his relationship with Mrs. KC or failing to recuse himself from appellant's case, we still find a remedy for such an error is unnecessary. First, we find that appellant suffered no material prejudice to a substantial right. We have not identified any rulings or decisions in appellant's case that would arise from LTC Henry's failure to recuse himself or disclose his relationship with Mrs. KC. Second, our analysis of the three-prong test outlined in *Liljeberg* leads us to the conclusion that no remedy is necessary. We do not believe, based on the facts of this case, that there is a risk of injustice to the parties, nor do we believe that denial of relief will produce injustice in other cases. Critically, we are also confident after considering the totality of the proceedings that a reasonable person knowing the entire record would have confidence in the judicial process. There is simply insufficient evidence to establish that LTC Henry's relationship with Mrs. KC had risen to an inappropriate level when appellant was tried in March 2017, and CPT AC's absence in this case forecloses any potential concerns about confidence in the judicial process.

[6] As discussed above, beyond considering herein the issue remanded by our superior court, this court reiterates the analysis of appellant's maltreatment convictions contained in our previous opinion in this case, *Anderson*, 78 M.J. 727.

ANDERSON—ARMY 20170158

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court