# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ERICK C. BLACK**
**United States Army, Appellant**

ARMY 20180683

Headquarters, United States Army Medical Department Center and School
Jacob D. Bashore, Military Judge
Lieutenant Colonel Joshua A. Berger, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack D. Einhorn, JA; Captain Jason X. Hamilton, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig J. Schapira, JA; Captain Christopher K. Wills, JA (on brief).

28 August 2020

-----------------------------------
OPINION OF THE COURT
-----------------------------------

ALDYKIEWICZ, Senior Judge:

Appellant alleges that he was deprived of a fair trial because "the military judge had an obligation under [Rule for Courts-Martial] 902(a) to disqualify himself from the proceedings."[1] Appellant also cites to Rule for Courts-Martial [R.C.M.] 902(b)(1), arguing actual bias on the part of the military judge entitles him to relief.

---

[1] A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape of a child and one specification of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2016) [UCMJ]. Appellant was acquitted of one specification of sexual abuse of a child, in violation of Article 120b, UCMJ. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for twelve years and three months, and reduction to the grade of E-1.

We disagree. First, we conclude appellant fails to establish actual bias under R.C.M. 902(b)(1). Second, regarding appearance bias under R.C.M 902(a), we find appellant waived the issue and, even assuming appellant did not waive the claim, we find no error by the military judge, plain or otherwise.[2]

## BACKGROUND

Appellant stands convicted of raping and sexually abusing his nine-year-old adopted daughter LB in December 2016. Appellant's abuse involved digitally penetrating LB and touching her breasts while she lay on the couch next to him. The abuse came to light when RB, LB's eleven-year-old sister, told their mother, CB, that she suspected appellant was touching LB. The next morning, CB called law enforcement, an investigation ensued, and appellant was prosecuted.

Prior to trial, the government filed two motions to introduce propensity evidence under Military Rule of Evidence [Mil. R. Evid.] 414. The first motion alleged uncharged acts of child molestation perpetrated by appellant against his two adopted daughters, LB and RB; the second motion alleged uncharged acts of child molestation perpetrated by appellant against his younger sister, AW.

On 23 October 2018, the military judge issued a written ruling on the first motion (LB/RB ruling). The military judge determined the following evidence was admissible pursuant to Mil. R. Evid. 414: (1) all allegations of appellant touching LB and RB; (2) appellant's alleged exposure of his penis in the physical presence of RB; (3) appellant's alleged masturbation in the physical presence of RB; and (4) appellant's alleged showing of pornographic material to RB. The military judge did not admit evidence of appellant's alleged showing of pornographic material to LB, finding that LB's viewing of such material was inadvertent and involved no intentional act by appellant.

On 8 November 2018, the military judge issued a written ruling on the second motion (AW ruling). The military judge ruled admissible all allegations of appellant touching AW prior to her turning sixteen years old. The military judge ruled inadmissible any evidence of alleged acts that occurred after AW turned sixteen.[3]

---

[2] Appellant also challenges the legal and factual sufficiency of his conviction, in addition to personally raising matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After giving full and fair consideration to appellant's legal and factual sufficiency arguments, as well as those matters personally raised, we find all to be without merit and worthy of neither discussion nor relief.

[3] Graphic or detailed descriptions of the offered propensity evidence is unnecessary to resolution of the disqualification issue. Further, appellant does not challenge the substance or accuracy of either of the military judge's Mil. R. Evid. 414 rulings.

(continued . . .)

On 17 December 2018, appellant elected, both orally and in writing, to be tried by a military judge alone, the same military judge that ruled on both of the Mil. R. Evid. 414 motions.

Appellant alleges for the first time on appeal that the military judge's AW ruling shows a "trier of fact with pre-established beliefs as to the credibility of particular witnesses and the guilt of the accused." As a result, appellant argues "the military judge had an obligation under R.C.M. 902(a) to disqualify himself from the proceedings."

Appellant's claim rests entirely on a comparison of the words used by the military judge in his LB/RB ruling and his AW ruling. In appellant's view, the latter is "rife with definitive conclusions demonstrating the calcification of his opinion on the evidence and the appellant."[4] Appellant's comparison of the two rulings focuses, in part, on the frequency with which the military judge either did or did not use the word "alleged" or "allegedly" to refer to the offered propensity evidence. Appellant also focuses on whether the military judge referred to the offered propensity evidence as "claims" made by LB, RB, or AW. Appellant notes, "[b]y the time of his ruling on Mrs. AW's testimony, the word 'claims' does not appear even once—removing all pretense of neutrality."

## LAW AND DISCUSSION

"When an appellant, as in this case, does not raise the issue of disqualification until appeal, we examine the claim under the plain error standard of review." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011) (citing *United States v. Jones*, 55 M.J. 317, 320 (C.A.A.F. 2001)). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice." *Id.* (citing *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008)).

"An accused has a constitutional right to an impartial judge." *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (quoting *United States v. Wright*, 52 M.J. 136, 140 (C.A.A.F. 1999)). Rule for Courts-Martial 902 implements this right, providing "two bases for disqualification of a military judge." *Martinez*, 70 M.J. at 157. The first basis, addressing the appearance of bias, places a duty upon a military judge to "disqualify himself or herself in any proceeding in which that

---

(. . . continued)

[4] Nowhere in his pleadings before this court does appellant allege or cite to anything the military judge did or said during the Article 39(a), UCMJ sessions to litigate the Mil. R. Evid. 414 evidence that allegedly showed bias. Further, our review of the record reveals no evidence supporting appellant's claim of bias.

military judge's impartiality might reasonably be questioned." R.C.M. 902(a). The second basis, addressing actual bias, involves five specific circumstances listed under R.C.M. 902(b). The circumstance relevant to appellant's assignment of error is found in subsection (1), which mandates recusal when a military judge "has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." R.C.M. 902(b)(1); *see Butcher*, 56 M.J. at 90 (noting R.C.M. 902(a) governs the appearance of bias while R.C.M. 902(b) governs specific disqualifying circumstances).

Although appellant's pleadings focus mainly on appearance bias under R.C.M. 902(a), he also cites R.C.M. 902(b)(1), which covers actual bias. We address both, beginning with actual bias then turning to appearance bias. For reasons discussed below, we disagree that any relief is warranted. A review of appellant's court-martial, to include the two Mil. R. Evid. 414 rulings, establishes neither actual bias under R.C.M. 902(b)(1) nor appearance bias under R.C.M. 902(a). To the contrary, we find appellant was tried by a neutral, detached, and impartial trier of fact who correctly ruled on both Mil. R. Evid. 414 motions.[5]

### A. Actual Bias under R.C.M. 902(b)(1)

A military judge shall disqualify himself when the military judge "has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding." R.C.M. 902(b)(1).

"To be disqualifying under R.C.M. 902(b)(1) the judge's bias must be based upon extra-judicial, personal knowledge, not knowledge gained through performance of judicial duties." *United States v. Wiggers*, 25 M.J. 587, 592 (A.C.M.R. 1987) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 580–83 (1966); *In re International Business Machines Corp.*, 618 F.2d 923, 928 (2d Cir. 1980)). "'[P]ersonal' means the bias or prejudice 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *United States v. Harvey*, 67 M.J. 758, 764 (A.F. Ct. Crim. App. 2009) (quoting *United States v. Kratzenberg*, 20 M.J. 670, 672 (A.F.C.M.R. 1985)); *see Liteky v. United States*, 510 U.S. 540, 549–51 (1994).

Appellant cites to nothing extrajudicial in support of any claim of actual bias and our review of the record, in its entirety, reveals none. To the extent that appellant relies on R.C.M. 902(b)(1) as a basis for relief, that reliance is misplaced.

---

[5] We find the absence of any independent legal challenge by appellant to the Mil. R. Evid. 414 rulings as evidence undermining his claim of bias, under both R.C.M. 902(a) and 902(b). Regardless, we reach the same result.

### B. Appearance Bias under R.C.M. 902(a)

"[A] military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M. 902(a). Appearance bias is determined objectively. *United States v. Hasan*, 71 M.J. 416, 418 (C.A.A.F. 2012). Reviewing courts consider "[a]ny conduct that would lead a reasonable man knowing all the circumstances to the conclusion that the judge's impartiality might reasonably be questioned." *Id.* (quoting *United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A. 1982) (internal quotation marks omitted)). "As in the civilian context, recusal based on the appearance of bias is intended to 'promote public confidence in the integrity of the judicial process.'" *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988)). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Id.* (quoting *Liteky*, 510 U.S. at 548) (internal quotation marks omitted).

### 1. Waiver

Whether an appellant has waived an issue is a legal question we review de novo. *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (citing *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019)). "[W]aiver is the intentional relinquishment or abandonment of a known right." *Id.* (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (internal quotation marks omitted)). While we review forfeited issues for plain error, "we cannot review waived issues at all because a valid waiver leaves no error for us to correct on appeal." *Id.* (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (internal quotation marks omitted)). Unlike claims based on actual bias, disqualification under R.C.M. 902(a) is subject to waiver after full disclosure on the record of the basis for disqualification. R.C.M. 902(e); *see United States v. Quintanilla*, 56 M.J. 37, 77 (C.A.A.F. 2001) (noting appearance bias is waivable after full disclosure on the record of the basis for disqualification).

The basis for appellant's claim of appearance bias under R.C.M. 902(a) is the "language and tone" of the military judge's AW ruling. Appellant claims the language and tone of the military judge's AW ruling indicates bias that would be readily apparent to any "objective observer." Appellant argues that the military judge's apparent bias is amplified when comparing the military judge's language in the AW ruling with his language in the LB/RB ruling.

Notwithstanding two adverse Mil. R. Evid. 414 rulings, appellant signed a request for trial by military judge alone, knowing the same military judge would serve as his trier of fact. *See* UCMJ art. 16(1)(B) (permitting trial by a military judge alone if requested by the accused after "knowing the identity of the military judge . . . ."). We find that appellant was fully informed and aware of what he now alleges as the basis for disqualification under R.C.M. 902(a). To argue that the basis

for disqualification was not fully disclosed to appellant before he requested trial by military judge alone would be a classic "form over substance" argument. "Full disclosure" does not require a military judge to highlight all prior adverse rulings before accepting an accused's election to be tried before that same military judge. Accordingly, on the record before us, we find appellant waived any claim for disqualification of the military judge under R.C.M. 902(a).

### 2. R.C.M. 902(a), the Narrow View

Assuming appellant did not waive the issue, we find no error, plain or otherwise, warranting relief. "'[W]hen a military judge's impartiality is challenged on appeal, the test is whether, taken as a whole in the context of this trial, a court-martial's legality, fairness, and impartiality were put into doubt' by the military judge's actions." *Martinez*, 70 M.J. at 157–58 (quoting *United States v. Burton*, 52 M.J. 223, 226 (C.A.A.F. 2000)). "Because not every judicial disqualification requires reversal, we have also adopted the standards announced by the Supreme Court in *Liljeberg* to determine whether a military judge's conduct warrants that remedy to vindicate public confidence in the military justice system." *Id.* (citing *Butcher*, 56 M.J. at 92).

Appellant claims the military judge's AW ruling creates an appearance of bias.[6] Viewed objectively, we find that a "reasonable man knowing all the circumstances [related to the ruling]" would not reasonably question the military judge's impartiality. *Kincheloe*, 14 M.J. at 50.

While we acknowledge that the LB/RB and AW rulings differ in language, appellant was strategic in his pleadings before this court to highlight only those parts of the AW ruling that he believed furthered his argument. The government, however, in its brief provided, as the late Paul Harvey would say, "the rest of the story." For example, in conducting his required Mil. R. Evid. 403 balancing test, the military judge referred to the proffered propensity evidence as "allegations" no less than seven times. Later in his ruling, the military judge stated, "the Accused allegedly sexually abused [AW] through his teenage years and into his early adult years." In that same paragraph, the military judge referred to the "alleged incidents." The military judge concluded his ruling by referring to alleged child sexual abuse, not proven abuse, stating, "[e]vidence of a similar uncharged instance of child molestation by the Accused on an alleged child sexual assault victim is admissible."

---

[6] Appellant cites to no other rulings, actions, or conduct by the military judge beyond the Mil. R. Evid. 414 rulings in support of his bias challenge and our review of the record reveals none.

Appellant further complains that, by the time of his AW ruling, the "military judge had already formed an opinion as to the credibility of witnesses." We disagree.

First, evidence taken and determinations made during Article 39(a), UCMJ sessions, such as those surrounding the litigation of the two Mil. R. Evid. 414 motions at issue, is not evidence before the court on the merits, absent some extraordinary and unwise agreement by the parties, an agreement requiring the consent of the military judge. "The right to make motions comes before plea; evidence on the merits comes after." *United States v. Elmore*, 1 M.J. 262, 263–64 (C.M.A. 1976). In *United States v. Metcalf*, the military judge considered "Article 39(a) testimony on the merits at the defense's request." 1993 CMR LEXIS 560, *5 (A.F.C.M.R. 30 Nov. 1993) (unpublished). Discouraging the military judge's action, the court stated:

> We have tried hard to discourage this practice, for it rarely turns out to be as convenient as the parties expect when they indulge in it. Instead, it leads to endless and contentious disagreements about just what has already been heard in the prior session and whether the agreement of the parties permits consideration of that evidence on the merits.

*Id.* at *5 n.4 (citing *United States v. Collier*, 36 M.J. 501, 506–07 n.11 (A.F.C.M.R. 1992); *United States v. Williams*, 35 M.J. 812, 814 n.3 (A.F.C.M.R. 1992)). No such agreement was made in appellant's case. There is no evidence that appellant's guilt was based on any propensity evidence not properly admitted during the merits portion of the trial.

Second, when military judges rule on matters of conditional relevance, "the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 690 (1988) (citation omitted); *see United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (citing *United States v. Wright*, 53 M.J. 476, 483 (C.A.A.F. 2000) (applying the *Huddleston* standard in the Mil. R. Evid. 413 context)); *see also United States v. Acton*, 38 M.J. 330, 333 (C.M.A. 1993); *United States v. Mirandes-Gonzalez*, 26 M.J. 411, 413–14 (C.M.A. 1988) (noting that when addressing conditional relevance of uncharged crimes, wrongs, or other acts (i.e., evidence offered under Mil. R. Evid. 404(b)), "the task for the military judge is to determine whether there is sufficient evidence for a reasonable court member to believe that the accused in fact committed the extrinsic offense").

Nothing in the record, to include the AW ruling at issue, reveals that the military judge had either predetermined the credibility of any witnesses, to include AW, or judged appellant prior to the close of the merits. In other words, the record is devoid of "clear evidence" to rebut the presumption that the military judge knew and followed the law.[7] *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)).

In conclusion, an objectively reasonable observer aware of all the relevant facts and circumstances concerning the military judge's Mil. R. Evid. 414 rulings would harbor no questions about the impartiality of the military judge. We find no error, plain or otherwise. Even assuming the military judge plainly erred by failing to sua sponte recuse himself, appellant identifies no prejudice flowing from the military judge's Mil. R. Evid. 414 rulings and we find none.

*3.* Liljeberg, *the Broad View*

In those rare cases where recusal was required but no material prejudice resulted, we are guided by the Court's decision in *Liljeberg*. In *Liljeberg*, the Court considered three factors in determining "whether a judgment should be vacated" based on a judge's appearance of partiality: "[1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process." 486 U.S. at 864. We apply the same three-part test in analyzing cases involving a military judge's appearance of partiality pursuant to R.C.M. 902(a). *See Quintanilla*, 56 M.J. at 45.

We find *Liljeberg* factors one and two warrant neither discussion nor relief. While *Liljeberg* factor three warrants discussion, it too warrants no relief. Factor three is "similar to the standard applied in the initial R.C.M. 902(a) analysis."

---

[7] In arriving at our decision, we note that the military judge's AW ruling contains, immediately preceding its conclusion, the following:

> The accused allegedly sexually abused his sister into his adult years in substantially the same way he abused Miss LB . . . The evidence is sufficiently credible that the members *could find* by a preponderance of the evidence that the Accused's repeated acts with [AW] demonstrate a propensity to sexually abuse young, female members who are subject to his authority and control. (emphasis added).

In context, and having considered the AW ruling in its entirety, we find use of the term "credible" to describe the offered propensity evidence not inconsistent with *Huddleston* and its progeny regarding a military judge's role when ruling on matters of conditional relevance.

*Martinez*, 70 M.J. at 160. Factor three is viewed objectively, through the eyes of a reasonable member of the public. The application of *Liljeberg* factor three, however, is broader than a strict R.C.M. 902(a) analysis. *See Martinez*, 70 M.J. at 160 ("[W]e do not limit our review to facts relevant to recusal, but rather review the entire proceedings, to include any post-trial proceeding, the convening authority action, [appellate proceedings], or other facts relevant to the *Liljeberg* test.").

In appellant's case, looking beyond the Mil. R. Evid. 414 rulings and considering the totality of the circumstances, we are certain that no risk exists of a reasonable member of the public losing confidence in the judicial process. An objective observer watching appellant's court-martial would have seen an impartial military judge whose two rulings were thorough, well-reasoned, and legally correct. The objective observer would be aware that appellant personally requested that the same military judge preside over his court-martial, with full knowledge of the military judge's prior rulings. The objective observer would know that the military judge complimented the defense team on its preparedness and efforts in defending appellant. The objective observer would understand that the military judge sustained meritorious defense objections and overruled government objections throughout the proceedings, at one point telling trial counsel that he would not do the government's job, stating, "I'm not going to carry your water for you, trial counsel."

Additionally, the objective observer would be aware of the military judge's prompt remedial action in sustaining a defense objection to trial counsel's improper findings argument that urged the military judge to provide justice for RB and AW, even though neither was a named victim on the charge sheet. *See United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007) (finding the trial counsel's sentencing argument was improper because it "exhorted the members to administer justice for the purported victims" of uncharged misconduct). After correctly sustaining the defense counsel's objection to trial counsel's improper argument, the military judge stated he would not be swayed by the improper argument and that he was "very familiar" with the limitations of Mil. R. Evid. 414 evidence.

Finally, and perhaps most notably, the objective observer would know the military judge acquitted appellant of Specification 2 of the Charge.

In conclusion, the military judge who presided over appellant's case was nothing less than a neutral, detached, and impartial trier of fact. For these reasons, an objective observer familiar with all the facts and circumstances of the entire proceedings would be confident in the fairness of both appellant's trial and the court-martial process.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judges SALUSSOLIA and WALKER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court